**BENJAMIN ROSENTHAL**, OSB No. 830828
Attorney at Law
benrose@europa.com
1023 SW Yamhill Street, Suite 200
Portland, OR 97205
Telephone: (503) 226-6409
Facsimile: (503) 226-0903

    **Attorney for Plaintiff**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MARY MCINTIRE,** | No. 3:15-cv-00769-JE |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| v. | Oregon Family Leave Act (OFLA); Family Medical Leave Act (FMLA); Wrongful Discharge; and Tortious Interference with Contract |
| **SAGE SOFTWARE, INC.,** a foreign business corporation, and **MATRIX ABSENCE MANAGEMENT, INC.,** a foreign business corporation, | |
| Defendant. | DEMAND FOR JURY TRIAL |

## NATURE OF THE ACTION

1. Plaintiff brings this action against her former employer Sage Software, Inc., (hereinafter referred to as "Sage") to correct unlawful employment practices for discrimination based upon Plaintiff

Page 1 - **FIRST AMENDED COMPLAINT**

exercising her rights under the Family and Medical Leave Act ("FMLA") and under the State of Oregon analog statute ORS 659A.183 ((the Oregon Family Leave Act ("OFLA")) to correct unlawful employment practices for discrimination. Additionally, against Sage, Plaintiff brings a common law claim of wrongful discharge based on Plaintiff's termination occurring in substantial part, due to her opposition to Defendants' unlawful practice of resisting her need for medical leave. Finally, against Matrix Absence Management, Inc., Plaintiff brings a claim of tortious interference of her economic relationship with Sage and violations of OFLA/FMLA. This Court has jurisdiction of this action because of federal question jurisdiction, pursuant to 28 USC § 1331. This Court also has pendent jurisdiction over the state law claims.

Defendant Sage interfered with Plaintiff's rights under the FMLA, and OFLA and fired her in substantial part for invoking the processes. Defendant Matrix wrongfully interfered with Plaintiff's economic relationship with Sage by violating FMLA and OFLA policies causing Plaintiff to be terminated from her job.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court by 28 USC § 1331, federal question jurisdiction.

3. This Court also has pendent jurisdiction over the state law claims. Defendant's actions occurred in the District of Oregon and, at all relevant times, the parties did business in the State of Oregon.

## PARTIES

4. Plaintiff was employed full time by Defendant Sage as a Senior Customer Support Analyst from March 1, 2006 though October 14, 2013. At all relevant times, Plaintiff is and was a resident and citizen of the State of Oregon and worked in Oregon in Washington County.

Page 2 - **FIRST AMENDED COMPLAINT**

BENJAMIN
ROSENTHAL
1023 SW YAMHILL STREET, SUITE 200
PORTLAND, OREGON 97205
503-226-6409

5. Defendant Sage Software, Inc., is an Oregon licensed corporation, that, at all material times, employed Plaintiff and had greater than 50 employees. At all relevant times, all employees of Defendant Sage were acting within the course and scope of their employment.

6. Defendant Matrix Absence Management, Inc., is a foreign corporation which at all relevant times was authorized to do business in the State of Oregon and by contract with Sage was Sage's third party leave administrator.

## ADMINISTRATIVE EXHAUSTION

7. Plaintiff filed a complaint against Sage with the State of Oregon Bureau of Labor and Industries ("BOLI") on or around July 23, 2014. All procedures necessary to comply with applicable federal and state law were followed, and this action has been filed within the requisite 90-day limit set out in the notice of right to sue.

## STATEMENT OF FACTS

8. Defendant Sage is a business management software solutions company which provides software and services to small and medium sized businesses in the State of Oregon.

9. Plaintiff was hired by Defendant Sage as a Senior Customer Support Analyst. At all relevant times she worked in Defendant Sage's Portland location.

10. Plaintiff, at all relevant times was on approved OFLA and FMLA intermittent leave for her serious health condition of Irritable Bowel Syndrome. Her 2012 submitted completed Medical Certification for the OFLA/FMLA leave indicated that her condition commenced in 2002 with duration as lifelong and requiring Plaintiff to take intermittent time loss from work with a frequency of four episodes per month and two days per episode.

11. Plaintiff from time to time was off work due to her medical condition from November 2012 through her termination which she remained on through her termination on October 14, 2013.

Page 3 - **FIRST AMENDED COMPLAINT**

BENJAMIN
ROSENTHAL
1023 SW YAMHILL STREET, SUITE 200
PORTLAND, OREGON 97205
503-226-6409

12. At all relevant times Defendants Sage and Matrix through their employees knew or should have known that Plaintiff was taking such time off due to her medical condition and for her need to be on OFLA/FMLA medical leave.

13. Defendant Sage terminated Plaintiff on October 14, 2013 for her absences related to her medical condition.

## FIRST CLAIM FOR RELIEF

### (Oregon Family Leave Act Discrimination)
### Against Defendant Sage Only

14. Plaintiff realleges and incorporates by reference paragraphs 1 through 13, above.

15. Plaintiff, at all material times, was an eligible employee under ORS 659A.156.

16. Defendant Sage at all material times, was an employer covered under ORS 659A.153.

17. Plaintiff took time off due to her medical condition as alleged in paragraphs 11 and 12, above. At all times relevant herein Defendant Sage through its employees knew or should have known that Plaintiff was taking such time off due to her medical condition and for her need to be on OFLA/FMLA medical leave.

18. Plaintiff's medical condition was one to which she was entitled under OFLA/FMLA to take time off without employer reproach.

19. Defendant through its employees and, or agents retaliated and discriminated against Plaintiff for taking medical leave in one or more of the following ways:

    a. By failing to properly apply its absentee occurrence policy to Plaintiff;

    b. By charging Plaintiff with absences on May 13 and May 14, 2013 when Defendants knew that Plaintiff was absent on those days due to her medical condition.

    c. By terminating plaintiff on October 14, 2013 for excessive absences.

Page 4 - **FIRST AMENDED COMPLAINT**

BENJAMIN
ROSENTHAL
1023 SW YAMHILL STREET, SUITE 200
PORTLAND, OREGON 97205
503-226-6409

20. Defendant's actions violated Plaintiff's rights under OFLA.

21. Plaintiff is entitled under ORS 659A.885 to recover her lost income, benefits and perquisites from October 14, 2013 through the February 23, 2014 in the approximate amount of $57,020.00, to be amended before the time of trial.

22. Plaintiff is entitled to prejudgment interest from the time when she began incurring her economic losses to the present.

23. Plaintiff is further entitled under ORS 659A.885(l) to recover her reasonable attorney fees and litigation costs.

### SECOND CLAIM FOR RELIEF

**(Family and Medical Leave Act)**
**Against Defendant Sage Only**

24. Plaintiff incorporates by reference paragraphs 1 through 5, 8 through 13, 17 through 19, 21 and 22 above.

25. Plaintiff, at all material times, was an eligible employee under 29 USC § 2611.

26. Defendant Sage, at all material times, was an employer covered under 29 USC §2611(4)(A)(i).

27. Defendant retaliated and discriminated against Plaintiff while and/or, for taking medical leave as described in paragraph 19, above

28. Defendant's actions violated Plaintiff's rights under FMLA.

29. Plaintiff is entitled under 29 USC § 2617(a)(1)(A)(i)(I) to recover her economic losses as described in paragraph 21, above.

30. Plaintiff is entitled to an additional amount equal to her economic losses under 29 USC § 2617(a)(1)(A)(iii) in liquidated damages.

BENJAMIN
ROSENTHAL
1023 SW YAMHILL STREET, SUITE 200
PORTLAND, OREGON 97205
503-226-6409

31. Plaintiff is also entitled to recover her litigation costs and attorney's fees under 29 USC § 2617(a)(3).

### THIRD CLAIM FOR RELIEF

### (Wrongful Discharge)
### Against Defendant Sage Only

32. Plaintiff re-alleges paragraphs 1 through 5, 8 through 13, 15 through 20, 22, 25, 26 27 and 28, above.

33. Defendant Sage's conduct as alleged in paragraph 19 and 28, above, constitutes a wrongful discharge for each and every one of the following reasons:

a. Plaintiff was discharged in substantial part in retaliation for pursuing employee related rights which are of important public interest and/or are recognized by statute under 29 USC § 2615 and ORS 659A.183 in that Plaintiff had a right to request medical leave under the forgoing statutory provisions.

34. Plaintiff is entitled to the recovery of her lost income, benefits and perquisites from October 14, 2013 through on or about February 23, 2014 in the approximate amount of $57,020.00 to be amended before the time of trial.

35. As a result of her termination, Plaintiff suffered depression, stress, financial worry, anxiety, loss of enjoyment of life, diminished appetite, sleeplessness, lost weight and lost self esteem, all to her non-economic damage in an amount to be determined before trial.

36. Defendant Sage's conduct as alleged was wilful and wanton and/or in reckless disregard of Plaintiff's rights or general welfare. Plaintiff will be amending the Complaint before trial to allege exemplary damages.

37. Plaintiff is further entitled under ORS 20.107 to recover her reasonable attorney fees, expert witness fees and litigation costs.

Page 6 - **FIRST AMENDED COMPLAINT**

## FOURTH CLAIM FOR RELIEF

### (Interference with Economic Relationship)
### Against Defendant Matrix Only

38. Plaintiff re-alleges paragraphs 1 through 6, 8 through 13, 15 through 20, 22, 25, 26, 34 and 35, above.

39. At all relevant times Defendant Matrix knew that Plaintiff was employed by Defendant Sage.

40. Defendant Matrix wlfully, intentionally and maliciously interfered with plaintiff's employment agreement or acted knowing that the interference was substantially certain to occur from its actions and were a necessary consequence thereof; by engaging in conduct in an improper manner as specified in paragraphs 19, 20, 27 and 28, above.

41. As a result of the conduct alleged above, plaintiff was terminated and suffered economic losses as alleged in paragraph 21, above.

42. As a further result of the termination, Plaintiff suffered non-economic damages as alleged in paragraph 35, above.

43. Defendant Matrix' conduct as alleged was wilful and wanton and/or in reckless disregard of Plaintiff's rights or general welfare. Plaintiff will be amending the Complaint before trial to allege exemplary damages.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised by this complaint.

///

///

Page 7 - **FIRST AMENDED COMPLAINT**

WHEREFORE, Plaintiff prays for the relief requested in each of her claims for relief and for such other relief as the Court deems just and appropriate.

DATED this 13th day of July, 2015.

                                              Benjamin Rosenthal, OSB# 830828
                                              Attorney for Plaintiff