Paula A. Barran, OSB No. 803974
pbarran@barran.com
Iris K. Tilley, OSB No. 101991
itilley@barran.com
Shayda Zaerpoor Le, OSB No. 121547
sle@barran.com
BARRAN LIEBMAN LLP
601 SW Second Ave., Suite 2300
Portland, Oregon 97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212

Attorneys for Sage Software, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland

| | |
|---|---|
| MARY MCINTIRE, | 3:15-cv-00769-JE |
| Plaintiff, | |
| v. | **SAGE SOFTWARE, INC.'S ANSWER TO AMENDED COMPLAINT** |
| SAGE SOFTWARE, INC., a foreign business corporation, and MATRIX ABSENCE MANAGEMENT, INC., a foreign business corporation, | |
| Defendants. | |

Defendant Sage Software, Inc. ("Sage"), for answer to plaintiff's amended complaint, admits, denies, and alleges as follows:

1.

Answering paragraph 1, Sage admits that Sage is a former employer of plaintiff and that she has alleged that Sage engaged in unlawful employment practices based on plaintiff's exercise of her alleged rights under FMLA and OFLA. While Sage and Matrix Absence Management

Page 1 – SAGE SOFTWARE, INC.'S ANSWER TO AMENDED COMPLAINT

("Matrix") do not share counsel, Matrix acted at arm's length, and Sage lacks information upon which to form a belief as to the truth of the allegations set forth against Matrix. Sage admits that plaintiff's amended complaint includes a claim against Matrix for tortious interference of plaintiff's economic relationship with Sage. Sage admits that plaintiff has brought a common law claim of wrongful discharge against Sage. Sage also admits that this Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims. Sage expressly denies any allegation or implication that it discriminated or retaliated against anyone or acted wrongfully or that any wrongful acts occurred. Insomuch as they relate to Sage, Sage denies the remaining allegations of paragraph 1. Sage does not respond on behalf of Matrix.

2.

Sage admits paragraph 2 of plaintiff's amended complaint.

3.

Answering paragraph 3, Sage admits that this Court has supplemental jurisdiction over the state law claims, that plaintiff was employed with Sage in the District of Oregon and that, at all relevant times, Sage did business in the State of Oregon. Sage does not admit that any specific actions alleged by plaintiff in fact occurred.

4.

Answering paragraph 4, Sage admits that Sage employed plaintiff as a Senior Customer Support Analyst from March 6, 2006 to October 14, 2013. Sage lacks information upon which to form a belief as to the truth of the allegation that plaintiff is and was a resident and citizen of Oregon and on that basis denies that allegation. Sage admits that plaintiff worked in Oregon while employed by Sage. Except as expressly admitted, Sage denies the remaining allegations contained in paragraph 4.

00523241.1

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

5.

Answering paragraph 5, Sage admits that, at all material times, it employed plaintiff and had greater than 50 employees. Sage expressly denies any allegation or implication that any of its agents or employees discriminated against anyone or acted wrongfully or that any wrongful acts or discrimination were or are within the course and scope of employment of any of Sage's employees. Sage lacks knowledge or information sufficient to form a belief as to the remainder of the allegations set forth in paragraph 5 and on that basis denies each and every remaining allegation in paragraph 5.

6.

Answering paragraph 6, Sage admits that Matrix was Sage's third-party leave administrator. Sage lacks information upon which to form a belief as to the truth of the remaining allegations set forth in paragraph 6 and on that basis denies each and every remaining allegation in paragraph 6.

7.

Answering paragraph 7, Sage admits that plaintiff filed a complaint against Sage with Oregon's BOLI in July 2014 and further admits that this action was filed within the requisite 90-day limit set out in the notice of right to sue. Sage denies that the specific filing date referenced by plaintiff is correct. Sage lacks information upon which to form a belief as to the truth of the remaining allegations set forth in paragraph 7 and on that basis denies each and every remaining allegation in paragraph 7.

8.

Sage admits paragraph 8 of plaintiff's amended complaint but notes that Sage's business is not limited to the State of Oregon.

9.

Answering paragraph 9, Sage admits that it hired plaintiff as a Senior Customer Support

Page 3 – SAGE SOFTWARE, INC.'S ANSWER TO AMENDED COMPLAINT

Analyst. Except as expressly admitted, Sage denies the remaining allegations of paragraph 9.

10.

Answering paragraph 10, Sage admits that plaintiff was at times on approved OFLA and FMLA leave for her asserted condition of irritable bowel syndrome and that she completed a medical certification for OFLA/FMLA leave in 2012. Sage states that plaintiff's medical certification speaks for itself. Sage lacks information upon which to form a belief as to the truth of the remaining allegations set forth in paragraph 10 and on that basis denies each and every remaining allegation in paragraph 10.

11.

Answering paragraph 11, Sage admits that plaintiff was off work intermittently from November 2012 through her date of termination on October 14, 2013. Except as expressly admitted, Sage denies the remaining allegations contained in paragraph 11.

12.

Sage denies the allegations in paragraph 12 of plaintiff's amended complaint.

13.

Answering paragraph 13, Sage admits that it terminated plaintiff's employment on October 14, 2013. Except as expressly admitted, Sage denies the remaining allegations contained in paragraph 13.

## FIRST CLAIM FOR RELIEF

### (Oregon Family Leave Act Discrimination)

### (Against Sage Only)

14.

Answering paragraph 14, Sage incorporates its answers contained in paragraphs 1 through 13 as if fully stated herein.

Page 4 – SAGE SOFTWARE, INC.'S ANSWER TO AMENDED COMPLAINT

15.

Answering paragraph 15, Sage admits that at the time of her termination, plaintiff was approved for intermittent OFLA leave. Sage also admits that at various times during plaintiff's employment with Sage, she was approved for and took leave approved under OFLA. Sage denies the remaining allegations of paragraph 15 and expressly denies that all leave taken by plaintiff was approved under OFLA.

16.

Sage admits paragraph 16.

17.

Answering paragraph 17, Sage admits that plaintiff took time off from work for her asserted medical condition. Sage denies the remaining allegations of paragraph 17.

18.

Answering paragraph 18, Sage admits that Matrix determined that the certification plaintiff submitted entitled plaintiff to certain OFLA-covered leave for her medical condition. Except as expressly admitted, Sage denies the remaining allegations of paragraph 18.

19.

Sage denies the allegations in paragraphs 19 through 23 of plaintiff's amended complaint.

## SECOND CLAIM FOR RELIEF

## (Family Medical Leave Act)

## (Against Sage Only)

20.

Answering paragraph 24, Sage incorporates its answers contained in paragraphs 1 through 19 as if fully stated herein.

21.

Answering paragraph 25, Sage admits that at the time of her termination, plaintiff was

Page 5 – SAGE SOFTWARE, INC.'S ANSWER TO AMENDED COMPLAINT

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

approved for intermittent FMLA leave. Sage also admits that at various times during plaintiff's employment with Sage, she was approved for and took leave approved under FMLA. Sage denies the remaining allegations of paragraph 25 and expressly denies that all leave taken by plaintiff was approved under FMLA.

22.

Sage admits paragraph 26 of plaintiff's amended complaint.

23.

Sage denies the allegations in paragraphs 27 through 31 of plaintiff's amended complaint.

**THIRD CLAIM FOR RELIEF**

**(Wrongful Discharge)**

**(Against Sage Only)**

24.

Answering paragraph 32, Sage incorporates its answers contained in paragraphs 1 through 23 as if fully stated herein.

25.

Sage denies the allegations in paragraphs 33 through 37 of plaintiff's amended complaint.

**FOURTH CLAIM FOR RELIEF**

**(Interference with Economic Relationship)**

**(Against Matrix Only)**

26.

Paragraphs 38 through 43 fail to allege any facts against Sage; however, to the extent the allegations contained in paragraphs 38 through 43 relate to Sage, Sage incorporates its answers previously stated in response to plaintiff's allegations.

27.

Answering plaintiff's demand for jury trial, Sage denies that plaintiff is entitled to a jury

00523241.1

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

trial on all of her claims for relief as, pursuant to Oregon law, a jury trial is not available for claims under OFLA.

28.

Sage denies each and every allegation not specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

Without assuming plaintiff's burden of proof, Sage states the following separate additional defenses.

## **FIRST AFFIRMATIVE DEFENSE**

## **(Failure to State a Claim for Relief)**

29.

Plaintiff has failed to state facts sufficient to state a claim for relief.

## **SECOND AFFIRMATIVE DEFENSE**

## **(Mitigation of Damages)**

30.

On information and belief, plaintiff has failed or refused to seek other employment or accept and maintain other gainful employment or otherwise failed to make a good-faith effort to mitigate damages; accordingly, plaintiff is barred from relief for failing to mitigate her damages, if any.

## **THIRD AFFIRMATIVE DEFENSE**

## **(Estoppel)**

31.

Some or all of plaintiff's claims are barred because of plaintiff's own acts or omissions of failing to maintain adequate attendance.

Page 7 – SAGE SOFTWARE, INC.'S ANSWER TO AMENDED COMPLAINT

## FOURTH AFFIRMATIVE DEFENSE

### (No Entitlement to Liquidated Damages Under FMLA)

32.

All of Sage's actions were taken in good faith and Sage had reasonable grounds for believing that its acts (and/or omissions) did not violate the statute. Accordingly, plaintiff is not entitled to liquidated damages under FMLA.

## FIFTH AFFIRMATIVE DEFENSE

### (At-Will Employment)

33.

Plaintiff's claims are barred in whole or in part because she was an at-will employee.

## SIXTH AFFIRMATIVE DEFENSE

### (Good Faith/Legitimate Business Motives)

34.

All actions taken with respect to plaintiff's employment were taken in good faith and in full compliance with all federal and state laws, were nondiscriminatory, were taken for good cause and in the good faith exercise of reasonable business judgment, and were based on legitimate, nondiscriminatory reasons.

## SEVENTH AFFIRMATIVE DEFENSE

### (Same Decision Absent Protected Conduct)

35.

Plaintiff's claims for damages, fees and costs are barred in whole or in part because Sage would have made the same employment decisions regarding plaintiff in the absence of any alleged impermissible motivating factor, the presence of which is denied.

Page 8 – SAGE SOFTWARE, INC.'S ANSWER TO AMENDED COMPLAINT

00523241.1

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

## EIGHTH AFFIRMATIVE DEFENSE

### (Judicial Estoppel)

36.

Plaintiff's claims are barred in whole or in part by her Chapter 13 bankruptcy proceeding and discharge, and Plaintiff is judicially estopped from asserting any claim not listed as an asset in her bankruptcy proceeding.

37.

On January 5, 2012, Plaintiff filed a petition for voluntary bankruptcy under Chapter 13 of the Bankruptcy Code, 11 U.S.C.A. § Ch. 13, et seq., which included a schedule of her assets and liabilities. Following her October 14, 2013 termination of employment from Sage, on February 14, 2014, Plaintiff amended her bankruptcy plan to reflect her unemployment compensation, but she did not disclose any alleged claims against Sage. Then, on July 30, 2014, alleging facts against Sage substantively identical to the facts alleged against Sage in this lawsuit, plaintiff filed a complaint with the Oregon Bureau of Labor and Industries (BOLI). Plaintiff's bankruptcy was still active at the time of her BOLI complaint, yet at no time prior to or after filing with BOLI did Plaintiff advise the bankruptcy court of the existence of her alleged claims against Sage.

38.

On March 27, 2015, without notice of the claims Plaintiff alleged against Sage in this lawsuit, the bankruptcy court issued an order discharging Plaintiff's debts, pursuant to her Chapter 13 bankruptcy filing.

## NINTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees)

39.

Plaintiff's amended complaint is frivolous, unreasonable, and without foundation and has

Page 9 – SAGE SOFTWARE, INC.'S ANSWER TO AMENDED COMPLAINT

been pursued by plaintiff after she became aware of such status, and Sage is entitled to reasonable attorneys' fees incurred in this matter.

WHEREFORE, Sage prays for judgment as follows:

(1) That plaintiff's claims be dismissed with prejudice;

(2) That judgment be entered in favor of Sage on all of plaintiff's claims and that plaintiff recover nothing;

(3) That Sage be awarded reasonable attorneys' fees and reasonable expert witness fees pursuant to ORS 659A.885(1) and ORS 20.105;

(4) That Sage be awarded its costs, disbursements, and expenses pursuant to ORS 659A.885(1) and ORS 20.190; and

(5) That Sage be awarded such other relief as the Court may deem just and equitable.

DATED this 20th day of July 2015.

BARRAN LIEBMAN LLP

By  s/*Iris K. Tilley*
Paula A. Barran, OSB No. 803974
pbarran@barran.com
Iris K. Tilley, OSB No. 101991
itilley@barran.com
Shayda Zaerpoor Le, OSB No. 121547
sle@barran.com

Attorneys for defendant Sage Software, Inc.

Page 10 – SAGE SOFTWARE, INC.'S ANSWER TO AMENDED COMPLAINT

00523241.1

**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

# CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of June, 2015, I served the foregoing **SAGE SOFTWARE, INC.'S ANSWER TO AMENDED COMPLAINT** on the following parties at the following addresses:

    Benjamin Rosenthal
    benrose@europa.com
    1023 SW Yamhill St., Suite 200
    Portland, OR 97205
        Attorney for Plaintiff

    Arnanda Bolliger Crespo
    amanda.crespo@ogletreedeakins.com
    Kelly S. Riggs
    kelly.riggs@ogletreedeakins.com
    Ogletree, Deakins, Nash, Smoak & Stewart, P.C
    The KOIN Center
    222 SW Columbia Street, Suite 1500
    Portland, OR 97201
        Attorneys for Defendant Matrix Absence
        Management, Inc.

by the following indicated method(s) set forth below:

☒ **Electronic Filing Using the Court's ECF System**

☐ **Email**

☐ **First-class mail, postage prepaid**

☐ **Hand-delivery**

        s/*Iris K. Tilley*
        Iris K. Tilley

Page 11 – SAGE SOFTWARE, INC.'S ANSWER TO AMENDED COMPLAINT