Amanda Bolliger Crespo, OSB No. 103452
amanda.crespo@ogletreedeakins.com
Kelly S. Riggs, OSB No. 094862
kelly.riggs@ogletreedeakins.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500
Portland, OR  97201
Telephone:    503.552.2140
Fax:              503.224.4518

Attorneys for Defendant
MATRIX ABSENCE MANAGEMENT, INC.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MARY MCINTIRE,**<br><br>**Plaintiff,**<br><br>v.<br><br>**SAGE SOFTWARE, INC.**, a foreign business corporation, and **MATRIX ABSENCE MANAGEMENT, INC.**, a foreign business corporation,<br><br>**Defendants.** | **Case No.: 3:15-cv-00769-JE**<br><br>**DEFENDANT MATRIX ABSENCE MANAGEMENT, INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AGAINST MATRIX**<br><br>*Oral Argument Requested* |

**LR 7.1 CERTIFICATE OF CONFERRAL**

As required by L.R. 7-1(a), Defendant Matrix Absence Management, Inc. ("Matrix") hereby certifies that it has made a good faith effort to resolve the issues contained in Defendant Matrix's Motion to Dismiss Plaintiff's Amended Complaint Against Matrix with Plaintiff and the parties have been unable to do so.

1 – DEFENDANT MATRIX ABSENCE
MANAGEMENT, INC.'S MOTION TO
DISMISS PLAINTIFF'S AMENDED
COMPLAINT AGAINST MATRIX

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503.552.2140 | Fax: 503.224.4518

## I.      MOTION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Matrix moves to dismiss Plaintiff's Fourth Claim for Relief alleging tortious interference with economic relationship ("tortious interference claim") against Matrix because the claim is effectively a disguised FMLA claim, which may not properly be asserted against Matrix.  Matrix was not Plaintiff's employer as defined by the FMLA, 29 U.S.C. § 2611(4)(A)(ii), and Plaintiff was not an "eligible employee" of Matrix.  Therefore, Plaintiff cannot state an FMLA claim against Matrix, nor can she assert a tortious interference claim which alleges that Matrix violated the FMLA and that claim must be dismissed.  This Motion is supported by the following points and authorities and the Court's file.

## II.      INTRODUCTION

Plaintiff's tortious interference claim against Matrix must be dismissed with prejudice because it is a disguised FMLA claim that may not be properly asserted against Matrix because Matrix was not Plaintiff's employer.  Plaintiff's original complaint included claims against Matrix for violation of the Family and Medical Leave Act, 29 U.S.C. § 2611 et seq. ("FMLA") and tortious interference.  However, Plaintiff's FMLA claim against Matrix was not proper because she could point to no set of facts that Matrix was ever her employer.  Plaintiff agreed to dismiss her FMLA claim against Matrix because Matrix was not her employer and filed an Amended Complaint removing the FMLA claim as to Matrix.  However, Plaintiff's remaining tortious interference claim still alleges that Matrix directly violated FMLA and is therefore improper and must also be dismissed.

Plaintiff's Fourth Claim for Relief against Matrix is coined as a "tortious interference" claim.  However, Plaintiff alleges that Matrix interfered with her employment relationship with Sage by violating the FMLA and OFLA.  Specifically, Plaintiff alleges that Matrix engaged in

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503.552.2140 | Fax: 503.224.4518

conduct specified in paragraphs 19, 20, 27, and 28 of her Amended Complaint, which are contained in her statutory FMLA and OFLA claims against Sage, and each allege direct violations of the FMLA and OFLA. Am. Compl. ¶ 40 (incorporating ¶¶ 19, 20, 27, and 28). Specifically:

Paragraph 19 alleges:   Defendant through its employees and, or agents retaliated and discriminated against Plaintiff for taking medical leave in one or more of the following ways:

a.      By failing to properly apply its absentee occurrence policy to Plaintiff;

b.      By charging Plaintiff with absences on May 13 and May 14, 2013 when Defendants knew that Plaintiff was absent on those days due to her medical condition.

c.      By terminating plaintiff on October 14, 2013 for excessive absences.

Paragraph 20 alleges:  Defendant's actions violated rights under OFLA.

Paragraph 27 alleges:   Defendant retaliated and discriminated against Plaintiff while and/or, for taking medical leave as described in paragraph 19. Above.

Paragraph 28 alleges: "Defendant's actions violated Plaintiff's rights under FMLA."

By incorporating these allegations of direct FMLA and OFLA violations against Matrix as the only allegedly tortious conduct by Matrix, Plaintiff is alleging that Matrix interfered by violating the FMLA.  Thus, under the liberal notice pleading standard applied by the courts, Plaintiff's tortious interference claim effectively attempts to indirectly state the same improper FMLA claim against Matrix that she already agreed to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("a court should assume [the] veracity [of well pleaded facts] and then determine whether they plausibly give rise to an entitlement to relief."). However, it is not appropriate for a plaintiff to bring a non-cognizable claim simply by disguising it as a cognizable one in her pleading. *See Precision Seed Cleaners v. Country Mut. Ins. Co.*, 2013 U.S. Dist. LEXIS 33116,

3 – DEFENDANT MATRIX ABSENCE
MANAGEMENT, INC.'S MOTION TO
DISMISS PLAINTIFF'S AMENDED
COMPLAINT AGAINST MATRIX

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503.552.2140 | Fax: 503.224.4518

at *52 (D. Or. Mar. 11, 2013)("[U]nder the liberal notice pleating standards . . . plaintiff fails to state a breach of contract claim. Instead, this is a tort claim disguised as a contract claim."); *see also Meade v. Cedarrapids, Inc*., 1996 U.S. Dist. LEXIS 22832, at *10 (d. Or. Feb 6, 1996)("Arguing or alleging that plaintiff spouses were the direct victims dos not change the factual allegations which show they were indirect victims . . . . [Plaintiff's] argument is predicated on a pleading artifice, and we reject it.")(quoting *Heusser v. Jackson Cnty. Health Dep't*, 92 Or. App. 156, 162 (1988))(internal quotation marks omitted). Therefore, Plaintiff's tortious interference claim must be interpreted as an FMLA claim, and such claim is not proper against Matrix.

Plaintiff cannot directly or indirectly assert a claim against Matrix alleging a violation of the FMLA as to Plaintiff because Plaintiff does not allege, and cannot point to any set of facts showing, that Matrix was her employer or that it can be held liable to her under the FMLA. Under the plain language of the FMLA, only the ***employer*** is a proper party to a lawsuit alleging violations under the FMLA. Plaintiff's Amended Complaint allegations establish that Sage Software, Inc. ("Sage") – not Matrix – was Plaintiff's legal employer and the entity that hired Plaintiff, fired Plaintiff, and that owned the location where she worked. Am. Compl. ¶¶ 4, 5, 9, 13. Matrix, on the other hand, is Sage's third party leave administrator and Plaintiff alleges no facts (nor can she) that Matrix was ever her employer. Am. Compl. ¶ 6. These allegations preclude a claim alleging violations of FMLA against Matrix.

Indeed, the overwhelming legal authority establishing that a third party leave administrator, such as Matrix, does *not* qualify as her employer. Under the FMLA regulations, Matrix is a Professional Employer Organization specifically excluded from the FMLA unless it sufficiently controlled or benefitted from Plaintiff's employment to qualify as a joint employer

4 – DEFENDANT MATRIX ABSENCE
MANAGEMENT, INC.'S MOTION TO
DISMISS PLAINTIFF'S AMENDED
COMPLAINT AGAINST MATRIX

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax: 503.224.4518

pursuant to 29 C.F.R. § 825.106(b)(2).  Plaintiff does not and cannot allege that Matrix, as a third party leave administrator, controlled Plaintiff's work as required to show joint employment under the FMLA regulations or the Ninth Circuit's economic realities test.  Indeed, every federal court faced with the issue presented by this Motion – including district courts from the Second, Third, Fourth, Sixth, Seventh, Eighth, and Tenth Circuits – unanimously found that third party administrators do not qualify as employers or joint employers under the FMLA.  *See, e.g., Shoemaker v. ConAgra Foods, Inc.*, 2015 U.S. Dist. LEXIS 11597, *8-10 (E.D. Tenn. Feb. 2, 2015) (granting motion to dismiss third party leave administrator from FMLA case).

Finally, Plaintiff fails to plead any facts showing that she was an "eligible employee" of Matrix who worked the requisite number of hours to qualify for FMLA.  Plaintiff does not – and cannot – state any viable FMLA claim against Matrix, and that claim must be dismissed with prejudice.

Because Plaintiff's tortious interference claim is a disguised FLMA claim, it, too, must fail for the same reasons that she cannot assert a direct FMLA claim against Matrix.

III.   **FACTUAL ALLEGATIONS**

Plaintiff allegedly was employed full-time by Sage as a Senior Customer Support Analyst from March 1, 2006 through October 14, 2013.  Am. Compl. ¶ 4.  Plaintiff alleges that she was hired by Sage and that at all relevant times she worked in Sage's Portland location.  Am. Compl. ¶ 9.  Plaintiff alleges that Sage … at all material times, employed Plaintiff, and that Sage was an employer covered under ORS 659A.153 and 29 USC § 2611(4)(A)(i).  Am. Compl. ¶¶ 5, 16, 26. Plaintiff alleges that during her employment with Sage, she was on approved intermittent leave under the Oregon Family Leave Act (OFLA) and the federal Family and Medical Leave Act (FMLA) for Irritable Bowel Syndrome (IBS) and that from time to time she was off work due to

5 – DEFENDANT MATRIX ABSENCE
MANAGEMENT, INC.'S MOTION TO
DISMISS PLAINTIFF'S AMENDED
COMPLAINT AGAINST MATRIX

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503.552.2140 | Fax: 503.224.4518

that condition. Am. Compl. ¶¶ 10-11. Plaintiff alleges that Sage retaliated and discriminated against her for taking medical leave by a) failing to properly apply its absentee occurrence policy to Plaintiff, b) charging Plaintiff with absences on May 13 and May 14, 2013 …, and c) terminating Plaintiff. Am. Compl. ¶ 19. Plaintiff further alleges that Sage terminated Plaintiff on October 14, 2013 for absences related to her medical condition. Am. Compl. ¶13. Accordingly, Plaintiff brings claims against her former employer Sage alleging violations of OFLA and the FMLA, as well as a claim for common law wrongful discharge. Am. Compl. ¶ 1.

Plaintiff alleges that, at all relevant times, Matrix, by contract with Sage, was Sage's third party leave administrator. Am. Compl. ¶ 6. Plaintiff implicitly alleges that, in that role, Matrix provided third party leave administration services for Sage with respect to Plaintiff's intermittent medical leave. Am. Compl. ¶¶ 6 & 12. Plaintiff alleges that Matrix knew that Plaintiff was employed by Sage, and that Matrix caus[ed] Plaintiff to be terminated from her job. Compl. ¶¶ 1, 40. Plaintiff does not allege, nor can she point to any facts, that she was ever employed by Matrix, that Matrix hired or fired her, that Matrix had any control over her work, or that Matrix derived any benefit from the work that Plaintiff performed for Sage. Despite these indisputable facts, Plaintiff alleges that Matrix interfered with her employment relationship with Sage by engaging in the very same conduct alleged against Sage in violation of the FMLA – *i.e.* by failing to properly apply Sage's absence policy, charging Plaintiff with certain absences, and terminating her employment for excessive absences. Am. Compl. ¶ 19, 20, 27, 28, 40. Based on those allegations, Plaintiff asserts a common law claim for tortious interference with her economic relationship against Matrix, which effectively alleges that Matrix violated the FMLA. Am. Compl. ¶¶ 38-43. Matrix now moves to dismiss with prejudice Plaintiff's tortious interference claim against it on the grounds that it is a disguised FMLA claim and Plaintiff has

6 – DEFENDANT MATRIX ABSENCE
MANAGEMENT, INC.'S MOTION TO
DISMISS PLAINTIFF'S AMENDED
COMPLAINT AGAINST MATRIX

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax: 503.224.4518

not alleged, nor can she allege any facts showing, that Matrix was her employer or that it is liable to her under the FMLA.

## IV.    MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim if the Plaintiff fails to allege facts sufficient to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To satisfy the plausibility standard, a plaintiff's allegations must show that defendant's liability is more than a sheer possibility. *Id*. The Court must accept as true the allegations in the complaint and construe them in favor of the plaintiff. *Intri-Plex Techs., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1050 n.2 (9th Cir. 2007). However, the Court need not accept merely conclusory allegations as true. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements are insufficient to withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678.

## V.    PLAINTIFF'S DISGUISED FMLA CLAIM AGAINST MATRIX MUST BE DISMISSED BECAUSE MATRIX IS NOT HER "EMPLOYER" UNDER THE FMLA.

As set forth above, Plaintiff's tortious interference claim is a disguised FMLA claim against Matrix and must be dismissed because Matrix was not Plaintiff's employer or joint employer under the FMLA. The FMLA provides that [i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter. 29 U.S.C. §§ 2615(a)(1); 2617(a). Thus, to state a FMLA interference claim, a plaintiff must allege facts establishing that the party who allegedly interfered with her rights under the FMLA was her employer, as that term is defined in the FMLA. *Id*. Plaintiff cannot meet that test because (1) Matrix was not her legal employer; (2) she has not alleged facts

7 – DEFENDANT MATRIX ABSENCE
MANAGEMENT, INC.'S MOTION TO
DISMISS PLAINTIFF'S AMENDED
COMPLAINT AGAINST MATRIX

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503.552.2140 | Fax: 503.224.4518

to sufficient to show that Matrix was her joint employer; and (3) the courts that have considered

this issue have unanimously found that third party administrators are not employers and cannot

be liable under the FMLA.

**A.** **Because Plaintiff Alleges that Sage – Not Matrix – Was Her Legal Employer, She Must Plead Facts Showing that Matrix Was a Joint Employer.**

In relevant part, the FMLA defines the term employer as:

> [A]ny person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year … includ[ing] … any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer.

29 U.S.C. § 2611(4); *see also* 29 C.F.R. § 825.104 (*accord*). Normally, the legal entity that

employs the employee is the employer under the FMLA. 29 C.F.R. § 825.104(c); *see Engelhardt*

*v. S.P. Richards Co., Inc.*, 472 F.3d 1, 4-5 (1st Cir. 2006) (describing such entity as the legal

employer). The FMLA regulations identify the following indicia for the legal or primary

employer: (i) authority to hire and fire, (ii) ability to assign or place the employee, (iii) payment

of wages, and (iv) provision of employment benefits. 29 C.F.R. § 825.106(c).

Here, Plaintiff does not claim and cannot plead any of the aforementioned indicia

establishing that Matrix was her primary or legal employer. On the contrary, Plaintiff explicitly

alleges that *Sage* – not Matrix – was her employer. She specifically alleges that it was Sage, not

Matrix, that hired her and terminated her employment, that she worked at Sage's location in

Portland, and that Matrix knew that Sage was Plaintiff's employer. Conversely, Plaintiff alleges

that Matrix's role was Sage's [contracted] third party leave administrator. Compl. ¶ 6. Thus,

Plaintiff's own allegations establish that Matrix was *not* her primary employer.

8 – DEFENDANT MATRIX ABSENCE
MANAGEMENT, INC.'S MOTION TO
DISMISS PLAINTIFF'S AMENDED
COMPLAINT AGAINST MATRIX

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax: 503.224.4518

Plaintiff also cannot establish that Matrix was a joint employer with Sage in order to pursue a direct or indirect FMLA claim against Matrix. 29 C.F.R. § 825.106(a)(2) (defining joint employer under the FMLA to include situations in which one employer acts directly or indirectly in the interest of the other employer in relation to the employee). Thus, to state an FMLA claim against Matrix, Plaintiff had to plead facts showing that Matrix meets the test for a joint employer. *Frees v. UA Local 32 Plumbers and Steamfitters*, 589 F. Supp. 2d 1221, 1226 (W.D. Wash. 2008) (joint employer test provided the framework to determine whether an apprenticeship training committee acted in the benefit of the primary employer such that it qualified as an employer under the FMLA). She has not and cannot do so.

B.  **The Department of Labor and Federal Courts Uniformly Agree that Third Party Administers Like Matrix Are Not Employers or Joint Employers Under the FMLA.**

Federal courts uniformly conclude that third party leave administrators, including Matrix specifically, are not employers under the FMLA.[1]  *See e.g. Campbell v. Jefferson Univ. Physicians*, 22 F. Supp. 3d 478, 479 n.1 (E.D. Pa. 2014) (noting that Campbell initially sued both JUP and Matrix Absence Management, Inc., . . . JUP's third-party administrator for FMLA claims, but the court granted Matrix's motion to dismiss, finding that Campbell had not alleged

---

[1] The Ninth Circuit has not addressed or considered this circumstance, but has applied an economic realities test to determine joint employment in other contexts. That test looks to the totality of circumstances but focuses on four factors: whether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of payment, (3) determined the rate and method of payment, and (4) maintained employment records. *Moreau v. Air France*, 356 F.3d 942, 946-47 (9th Cir. 2004) (using FLSA joint employment factors to determine whether plaintiff could aggregate the number of employees of two entities to meet the FMLA's 50-employee threshold). Plaintiff's allegations do not and cannot satisfy that test, even if it applied. Plaintiff has not alleged that Matrix had the right to hire, fire, supervise or control Sage employee work schedules or payments conditions, determine their rate or method of payment, or maintain employment records. On the contrary, she affirmatively alleges that *Sage* was her employer, and that Sage hired, employed, and terminated her. Am. Compl. ¶¶ 4, 5, 9, 13.

9 – DEFENDANT MATRIX ABSENCE MANAGEMENT, INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AGAINST MATRIX

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503.552.2140 | Fax: 503.224.4518

facts sufficient to show that Matrix was an employer within the FMLA's meaning).[2]  And that

makes sense.  The FMLA regulations expressly exclude third party administrators like Matrix

from their definition of an "employer."  *Arango v. Work & Well, Inc.*, 930 F. Supp. 2d 840, 942-

43 (N.D. Ill. 2013) (the FMLA definition of employer has been interpreted to exclude third party

benefits administrators).  In particular, the FMLA regulations provide that contracting with an

employer/client to perform administrative functions such as regulatory paperwork does not make

a Professional Employer Organization (POE) liable as a joint employer under the FMLA:

> A type of company that is often called a Professional Employer Organization (PEO) contracts with client employers to perform ***administrative functions*** such as payroll, benefits, ***regulatory paperwork***, and updating employment policies. . . . ***A PEO does not enter into a joint employment relationship with the employees of its client companies when it merely performs such administrative functions.***  On the other hand, if in a particular fact situation, a PEO has the right to hire, fire, assign, or direct and control the client's employees, or benefits from the work that the employees perform, such rights may lead to a determination that the PEO would be a joint employer with the client employer, depending upon all the facts and circumstances.

29 C.F.R. § 825.106(b)(2) (emphasis added).  Accordingly, a third party administrator cannot

qualify as a joint employer for FMLA purposes unless it (1) has the right to hire, fire, assign, or

qualify or direct and control the client's employees; or (2) benefits from the work that the

primary employer's employees perform.  *Id.*  Plaintiff's conclusory allegations fail to overcome

the FMLA's dispositive regulatory provisions.

The recent decision of *Shoemaker v. ConAgra Foods, Inc.*, 2015 U.S. Dist. LEXIS

11597, *14-16 (E.D. Tenn. Feb. 2, 2015) is instructive.  There, a former employee of ConAgra

---

[2] The *Campbell* court's order granting Matrix's motion to dismiss is filed concurrently herewith. Declaration of Amanda Bolliger Crespo, Exhibit 1 (granting motion to dismiss on the grounds that there were no allegations that Matrix, as third party leave administrator, controlled the hiring and firing, conditions of work, or terms of payment).

10 – DEFENDANT MATRIX ABSENCE
MANAGEMENT, INC.'S MOTION TO
DISMISS PLAINTIFF'S AMENDED
COMPLAINT AGAINST MATRIX

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503.552.2140 | Fax: 503.224.4518

alleged that she was terminated due to absences that she alleged should have been covered by the FMLA. 2015 U.S. Dist. LEXIS at *4-6. The plaintiff asserted FMLA claims against both ConAgra and Liberty Life, ConAgra's third party benefits administrator, alleging that (1) Liberty Life was ConAgra's agent and an "employer" under the FMLA, (2) Liberty Life's representations and actions regarding FMLA-approved leaves and entitlements were authorized, controlled, and/or ratified by ConAgra, and (3) Liberty Life acted directly in the interests of ConAgra with and to the plaintiff and other ConAgra employees regarding the provisions of the FMLA. *Id*. at *2-3. Liberty Life moved to dismiss the FMLA claim against it, arguing that it was not plaintiff's employer or joint employer as defined by the FMLA, because there were no allegations that plaintiff was employed by Liberty Life or that it exercised control over plaintiff's employment, even with respect to FMLA leave. *Id*. at *7-8. After conducting a careful review of the regulations and case law, the court agreed that both the Department of Labor and courts have concluded that third party administrators are not employers under the FMLA. *Id.* at *9-13 (compiling volumes of case law from multiple jurisdictions). The plaintiff's conclusory allegations to the contrary failed to state a plausible FMLA claim:

> Although plaintiff does not use the term joint employer in the complaint, she does allege that Liberty Life was a co-employer and/or ConAgra's designated agent and that Liberty Life was one of [her] 'employers' for purposes of the FMLA . . . . However, this conclusory allegation does not state a plausible claim that Liberty Life was a joint employer under the FMLA. By the clear language of the regulations, plaintiff must show that Liberty Life exercise[d] some control over [her] work or working conditions and that she performed work which simultaneously benefited Liberty Life and ConAgra. 29 C.F.R. §825.106(a) (2013). . . . The instant complaint contains no allegations that Liberty Life exercised control over Ms. Shoemaker's work or working conditions, or that she performed any work which benefitted Liberty Life. . . .

*Shoemaker*, 2015 U.S. Dist. LEXIS 11597, at *15-16.

11 – DEFENDANT MATRIX ABSENCE MANAGEMENT, INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AGAINST MATRIX

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax: 503.224.4518

District courts from nearly every other Circuit have reached similar conclusions with regard to third party leave and benefits administrators. *See, e.g.*, *Murray v. Nationwide Better Health*, 2014 U.S. Dist. LEXIS 1305, *15, 20-21 (C.D. Ill. Jan. 7, 2014) (dismissing plaintiff's FMLA claim against AT&T's third party leave administrator; Nationwide was not a joint employer of plaintiff because it exercised no control over the working conditions of plaintiff or AT&T's employees); *Mugno v. Societe Internationale De Telecommunications Aeronautiques, Ltd.*, 2007 WL 316572, *8 (E.D.N.Y. Jan. 30, 2007) (finding that plaintiff was not an employee of the disability benefits provider as defined by the FMLA); *Marshall v. Whirlpool Corporation*, 2010 WL 348344 (N.D. Okla. Jan. 26, 2010) (finding that UniCare, as third party administrator on behalf of Whirlpool, was not plaintiff's employer and not a proper party under the FMLA); *Jensen v. AT&T Corp.*, 2007 WL 3376893, *1-2 (E.D. Mo. Nov. 13, 2007) (dismissing an FMLA claim against insurance company finding that it was not liable to plaintiff under the FMLA because her complaint did not allege that MetLife had any direct power over her employment, and thus could not be held liable under the FMLA as her employer); *Elie G. Ghattas Trust v. Unumprovident Life Ins.*, 2004 U.S. Dist. LEXIS 26753, *29-30 (E.D. Va. Oct. 5, 2004) (granting summary judgment to defendant insurer on plaintiff's FMLA violation claim because insurer was not deceased employee's employer). As in the aforementioned cases, Plaintiff does not allege that she performed any work for Matrix or that Matrix had any control over her hours, salary, job duties, or other conditions of employment. *Shoemaker*, 2015 U.S. Dist. LEXIS 11597, at *14-16. Her disguised FMLA claim against Matrix must therefore be dismissed.

12 – DEFENDANT MATRIX ABSENCE
MANAGEMENT, INC.'S MOTION TO
DISMISS PLAINTIFF'S AMENDED
COMPLAINT AGAINST MATRIX

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503.552.2140 | Fax: 503.224.4518

**C.      Plaintiff Does Not – And Cannot Allege – She Was An "Eligible Employee" of Matrix.**

Plaintiff's disguised FMLA claim against Matrix fails for the additional and independent reason that she cannot plausibly allege that she had FMLA rights *vis-a-vis* Matrix.  To have any rights under the FMLA against an employer, Plaintiff must have been employed by the employer with respect to whom leave is requested for at least 12 months and 1,250 hours.  29 U.S.C. § 2611(2)(A); *see also* 29 C.F.R. § 825.110(a) (stating same definition of eligible employee).  Here, the only basis for Plaintiff's allegation that she was an eligible employee under 29 U.S.C. § 2611 (Am. Compl. ¶ 25) is her allegation that she was employed by and worked for Sage from 2006 until 2013.  Am. Compl. ¶¶ 4, 9.

However, Plaintiff does not even allege that she worked for Sage at least 1,250 hours in the preceding 12 months.  *See generally* Amended Complaint.  Plaintiff certainly fails to allege any facts to show that she satisfied those requirements as to *Matrix*.  *Mugno*, 2007 WL 316572, at *8 (dismissing employee's FMLA claim against disability leave administrator where employee "did not allege that he was employed by [the administrator] for at least 1,250 hours during a 12-month period"); *Shoemaker*, 2015 U.S. Dist. LEXIS 11597, at *12-13 (*accord*).  Plaintiff does not allege and cannot establish that she was an eligible employee of Matrix, and her disguised FMLA claim against Matrix must be dismissed for this reason as well.

**VI.      THIS MOTION SHOULD BE GRANTED WITHOUT LEAVE TO AMEND**

While leave to amend is to be freely given when justice so requires, "leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).  It may be denied "where amendment would be futile." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).  A motion for leave to amend is properly denied "if it is clear ... that the complaint could not be saved by any amendment."

13 – DEFENDANT MATRIX ABSENCE MANAGEMENT, INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AGAINST MATRIX

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503.552.2140 | Fax: 503.224.4518

*Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008), quoting *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991).  Here, leave to amend would be futile because Plaintiff cannot add any facts that would qualify Matrix as her employer – or Plaintiff as an eligible employee – under the FMLA.  Plaintiff admits that Sage hired her, fired her, and employed her.  No new allegation of fact can change the situation to support a tortious interference claim based upon alleged violations of the FMLA against Matrix.  Accordingly, this motion should be granted without leave to amend.

## VII.   CONCLUSION

For the reasons set forth herein, Matrix respectfully requests that the Court dismiss with prejudice Plaintiff's tortious interference claim against Matrix, and for such other relief as the Court deems just and proper.

Dated:  July 23, 2015.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:   /s/ Amanda Bolliger Crespo
       Amanda Bolliger Crespo, OSB No. 103452
       amanda.crespo@ogletreedeakins.com
       Kelly S. Riggs, OSB No. 094862
       kelly.riggs@ogletreedeakins.com
       Telephone:     503.552.2140

Attorneys for Defendant
MATRIX ABSENCE MANAGEMENT, INC.

21892853.1
042289.000001

14 – DEFENDANT MATRIX ABSENCE MANAGEMENT, INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AGAINST MATRIX

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503.552.2140 | Fax: 503.224.4518