Amanda Bolliger Crespo, OSB No. 103452
amanda.crespo@ogletreedeakins.com
Kelly S. Riggs, OSB No. 094862
kelly.riggs@ogletreedeakins.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500
Portland, OR 97201
Telephone: 503.552.2140
Fax: 503.224.4518

Attorneys for Defendant
MATRIX ABSENCE MANAGEMENT, INC.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MARY MCINTIRE,<br><br>   Plaintiff,<br><br>  v.<br><br>SAGE SOFTWARE, INC., a foreign business corporation, and MATRIX ABSENCE MANAGEMENT, INC., a foreign business corporation,<br><br>   Defendants. | **Case No.: 3:15-cv-00769-JE**<br><br>**DEFENDANT MATRIX ABSENCE MANAGEMENT, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AGAINST MATRIX** |

## I. **<u>INTRODUCTION</u>**

Plaintiff fails to state a claim for tortious interference against Matrix because she fails to attribute any "improper means or purpose" to Matrix. She does not allege any inherently wrongful or tortious conduct by Matrix, such as violence, threats or other intimidation, deceit or misrepresentation, bribery, unfounded litigation, defamation, or disparaging falsehood. Nor does

1 –MATRIX'S REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT AGAINST
MATRIX

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax: 503.224.4518

Plaintiff allege that Matrix violated any statute or regulation that governed *Matrix's* relationship with Plaintiff.

Instead, Plaintiff contends that Matrix interfered with her relations using the "improper means" of violating the FMLA/OFLA. Plaintiff's argument misses the point of Matrix's Motion. As set forth in detail in Matrix's Motion, Matrix cannot and could not violate the FMLA with regard to Plaintiff because it never employed Plaintiff. *See, e.g., Shoemaker v. ConAgra Foods, Inc*., 2015 U.S. Dist. LEXIS 11597, *14-16 (E.D. Tenn. Feb. 2, 2015). Nor can Matrix violate OFLA, either directly or via Oregon's "aiding and abetting" statute. By their own terms, OFLA and Oregon's aiding and abetting statute only apply to employers and employees of the plaintiff's employer, not to third parties like Matrix. Plaintiff implicitly concedes that she cannot state an FMLA or OFLA claim against Matrix, in that she voluntarily withdrew the FMLA claim and never even attempted to assert an OFLA claim against Matrix.

Plaintiff's tortious interference claim fails with the FMLA claim she already withdrew, and Plaintiff's opposition papers fail to show otherwise. Plaintiff fails to cite any case from Oregon or this District that permitted a tortious interference claim to proceed based on a theory that a third party administrator violated the FMLA/OFLA, and Matrix is not aware of any. Plaintiff instead relies on an out-of-Circuit case that analyzed an Illinois state law tortious interference claim that did not even require the "improper means" element at the crux of this Motion. *Arango v. Work & Well,* 2012 WL 3023338 (N.D. Ill. July 24, 2012).

By contrast, overwhelming authority in *Oregon* establishes that a plaintiff cannot use a non-viable statutory claim as the improper means to state a tortious inference claim. Rather, the derivative interference claim stands or fails along with the underlying statutory claim. And that makes sense. Allowing a plaintiff to use a non-actionable statutory claim to state a tortious inference claim would impermissibly expand the boundaries of that statute to cover parties and conduct that the legislature never intended, and thus would contravene legislative intent. Here, it would allow Plaintiff to expand the FMLA and OFLA to cover non-employers/third party

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503.552.2140 | Fax: 503.224.4518

administrators when the plain language of FMLA and OFLA *excludes* those parties. Oregon law does not permit Plaintiff to use non-actionable FMLA/OFLA claims to state a tortious inference claim against Matrix. Her claim must be dismissed.

## II. PLAINTIFF FAILS TO STATE A TORTIOUS INTERFERENCE CLAIM AGAINST MATRIX

### A. Plaintiff Alleges No Improper Purpose or Improper Means by Matrix Other Than Its Alleged Violation of the FMLA and OFLA.

To survive a motion to dismiss, an Oregon common law claim for tortious interference requires some act that "is wrongful by some measure *beyond the fact of the interference itself*." *Top Service Body Shop, Inc. v. Allstate Insurance Company*, 283 Or. 201, 209 (1978) (emphasis added). Here, Plaintiff identifies no improper purpose by Matrix, nor any inherently wrongful conduct such as "violence, threats or other intimidation, deceit or misrepresentation, bribery, unfounded litigation, defamation, or disparaging falsehood." *Top Service Body Shop*, 283 Or. at 210, n.11. Instead, Plaintiff argues that Matrix used an "improper means" by violating "some objective, identifiable standard, such as a statute or other regulation." Dkt. 28, p. 5. The only statutes or regulations that Plaintiff cites, however, are the FMLA and OFLA. For the reasons stated below, those statutes cannot supply any "objective, identifiable standard" for Matrix's actions toward Plaintiff because they never applied to Matrix as a third party administrator.

### B. Matrix Could Not Violate Any Standards Embodied in the FMLA or OFLA With Regard to Plaintiff Because It Undisputedly Never Employed Plaintiff.

Plaintiff does not dispute that Matrix neither employed her nor acted as her joint employer, and that it acted solely as a third party administrator. As set forth at length in Matrix's moving papers, those undisputed facts preclude her from asserting *any* FMLA claim against Matrix. *See* Dkt. 26 at 7-13. Plaintiff makes no argument to the contrary.

Plaintiff appears to suggest that she could somehow state an OFLA claim against Matrix—despite the undisputed fact that Matrix never employed her—by relying on Oregon's "aiding and abetting" statute, ORS 659A.030(1)(g). That argument also fails.

3 –MATRIX'S REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT AGAINST
MATRIX

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503.552.2140 | Fax: 503.224.4518

The express language of ORS 659A.030(1)(g) makes it an unlawful employment practice for "any person, *whether an employer or an employee*, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter or to attempt to do so." (Emphasis added.) Thus, Judge Brown held that "ORS 659A.030(1)(g) does not permit a claim for aiding and abetting against [third parties] because they were neither the plaintiff's employer nor employees of [the plaintiff's employer]." *Larmanger v. Kaiser Foundation Health Plan of the Northwest*, 805 F. Supp. 2d 1050, 1056 (D. Or. 2011).

C.     **Plaintiff Cites No Case Authorizing an Oregon Common Law Claim for Tortious Interference Based on a Third Party Administrator's Alleged FMLA Violation; Case Law Applying Illinois Law Is Unavailing.**

Plaintiff fails to cite a single case from Oregon, this District, or even this Circuit, which permitted a tortious interference claim against a third party administrator to proceed based upon alleged violations of the FMLA. Instead, Plaintiff relies on a single out-of-Circuit case for her tortious interference theory. Dkt. 28, at 6-7, citing *Arango v. Work & Well,* 2012 WL 3023338 (N.D. Ill. July 24, 2012).

*Arango* is not helpful to Plaintiff. As an initial matter, the defendant in *Arango* does not appear to have argued that it could not legally violate the FMLA as a reason for dismissing Plaintiff's tortious interference claim. Thus, *Arango* did not address or decide the critical issue raised here. More importantly, *Arango* analyzed whether a plaintiff stated a claim for tortious interference under ***Illinois law***. Illinois law does not apply to Plaintiff's ***Oregon*** state common law claim for tortious interference. Indeed, the elements required to prove a claim for tortious interference under Illinois common law differ significantly from those in Oregon. Critically, Oregon requires a plaintiff to plead (and ultimately prove) that the defendant engaged in conduct that is wrongful by some measure beyond the fact of the interference itself through "improper means" or for an "improper purpose." *Top Service Body Shop*., 283 Or. at 209-210. By contrast, Illinois law requires only that the interference was "intentional and unjustifiable." *See, e.g., Arango v. Work & Well*, 930 F. Supp. 2d 940, 944 (N.D. Ill. 2013) (citing *Anderson v. Vanden*

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax: 503.224.4518

*Dorpel*, 172 Ill. 2d 399 (Ill. 1996)). *Arango* did not and could not address whether a plaintiff can rely on a fatally flawed statutory claim to supply the "improper means" element of an Oregon tortious inference claim. *Arango* has no bearing on the instant Motion.

       **D.**      **Oregon Law Does Not Permit a Tortious Interference Claim Based Upon Alleged Violations of Statutes That the Defendant Legally Cannot Violate.**

Next, Plaintiff argues that her inability to pursue an FMLA/OFLA claim against Matrix should not preclude her tortious interference claim because she need not "prove all elements of the other ***tort***." Dkt. 26 at 5 (citing *N.W. Natural Gas v. Chase Gardens, Inc.*, 328 Or. 487 (1999), *Lewis v. Oregon Beauty Supply Co*, 302 Or. 616 (1987), and *Top Service Body Shop. v. Allstate Ins. Co*., 283 Or. 201, 209-210 (1978)). However, *none* of the cases upon which Plaintiff relies presented an improper means theory that a defendant violated a ***statute*** that legally does not apply to it. *Lewis* relied on the defendant's violent and intimidating conduct to find improper means. 302 Or. at 622. *Top Service* discussed fraudulent misrepresentations as an improper means. 283 Or. at 209-210. *N.W. Natural Gas dismissed* the tortious interference claim after determining the allegedly wrongful conduct related to execution of a lien was lawful. 328 Or. at 498. That case supports *Matrix's* argument, not Plaintiff's.

Moreover, numerous Oregon cases have addressed – and dismissed – tortious interference claims where the alleged improper means depended on a non-viable statutory or common law claim. For example, in *Noel v. Hall*, Judge Acosta dismissed a tortious interference claim where the alleged improper means relied on alleged violations of a wiretapping statute that did not apply to the defendant's alleged conduct. 2012 U.S. Dist. LEXIS 110575, *42 (D. Or. Apr. 27, 2012). The court explained that the wiretapping statute at issue only applied to conduct in which the district attorney or law enforcement was involved, so a private individual acting alone legally could not violate the statute. *Id*. at *30-31. Because the statutory wiretapping claims failed as a matter of law, they "d[id] not furnish the improper means required for [the tortious interference claim]" and "the tortious interference claims necessarily fail[ed] as well." *Id*. at 42.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax: 503.224.4518

Similarly, in *Witt Company v. RISO, Inc.*, 948 F. Supp. 2d 1227 (D. Or. 2013), Judge Hernandez dismissed a tortious interference claim that relied on alleged anti-trust violations for the improper means element. *Id.* at 1245. The tortious inference claim was "inseparably tied to the anti-trust claim" and failed along with it. *Id.*; *see also Gardner v. Martino*, 2005 U.S. Dist. LEXIS 38970, *34-35 (D. Or. Sept. 19, 2005) (dismissing tortious interference claim based upon alleged defamatory statements because the defamation claim was not actionable); *Ahern v. Oregon Pub. Emples. Union*, 329 Or. 428, 436 (1999) (dismissing tortious interference claim where alleged improper means were based upon alleged picketing activities in violation of ORS 243.672, because a statutory unfair labor practice claim would be preempted, noting that "a court must consider the nature of the matter, not the label that a party has placed on it.").

Like the plaintiffs in *Noel* and *Witt*, Plaintiff's tortious interference claim faces far greater deficiencies than simply failing to allege all elements of the underlying statutory violation. In other words, this is not simply a matter of Plaintiff failing to plead all of the facts showing that she had a serious health condition or other required elements to show a violation of the FMLA/OFLA. Rather, Plaintiff wants to rely on statutes that did not – as a matter of law – govern her relationship with Matrix, and on conduct that could *never* support a viable statutory claim against Matrix. Plaintiff cannot state a claim for tortious interference based on a statutory violation that – as a matter of law – Matrix could not have committed. Because Matrix could not, as a matter of law, violate the FMLA or OFLA with respect to Plaintiff, her allegations that Matrix improperly interfered with her employment relationship with Sage by violating the FMLA and/or OFLA fail as a matter of law and must be dismissed with prejudice.

**E.**      **Dismissal With Prejudice is Appropriate Because Plaintiff Points to No Set of Facts That Could Spare Her Claim Against Matrix.**

For all of the reasons set forth above, Plaintiff's response still fails to point to any set of facts that could support a tortious interference claim against Matrix. Accordingly, allowing leave to amend would be futile, and Matrix's Motion to Dismiss should be granted with prejudice. *See e.g. Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax: 503.224.4518

Cir. 1999); *see also* additional arguments and authorities cited in Matrix's motion (Dkt. 26 at 13-14).

## III.  <u>CONCLUSION</u>

For the reasons set forth herein, Matrix respectfully requests that the Court dismiss with prejudice Plaintiff's complaint against Matrix, and for such other relief as the Court deems just and proper.

Dated:  August 21, 2015.

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By:    /s/ Amanda Bolliger Crespo
      Amanda Bolliger Crespo, OSB No. 103452
      amanda.crespo@ogletreedeakins.com
      Kelly S. Riggs, OSB No. 094862
      kelly.riggs@ogletreedeakins.com
      Telephone:      503.552.2140

Attorneys for Defendant
MATRIX ABSENCE MANAGEMENT, INC.

22098780.3

7 –MATRIX'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AGAINST MATRIX

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503.552.2140 | Fax: 503.224.4518