IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


| | | |
|---|---|---|
| MARY MCINTIRE, | ) | Civil No.: 3:15-cv-00769-JE |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| v. | ) | |
| | ) | |
| SAGE SOFTWARE, INC., a foreign | ) | |
| business corporation, and MATRIX | ) | |
| ABSENCE MANAGEMENT, INC., a | ) | |
| foreign business corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |


Benjamin Rosenthal
1023 S.W. Yamhill Street
Suite 200
Portland, OR 97205-2536

      Attorney for Plaintiff


Amanda Bolliger Crespo
Kelly S. Riggs
Ogletree Deakins Nash Smoak & Stewart P.C.
222 SW Columbia St.
Suite 1500
Portland, OR 97201

      Attorneys for Defendant Matrix Absence Management, Inc.

Paula A. Barran
Iris K. Tilley
Shayda Z. Le
Barran Liebman LLP
601 SW 2nd Ave
Suite 2300
Portland, OR 97204

   Attorneys for Defendant Sage Software, Inc.

JELDERKS, Magistrate Judge:

  Plaintiff Mary McIntire brings this employment related action against her former employer, Sage Software, Inc. ("Sage") and Sage's third-party leave administrator, Matrix Absence Management, Inc., ("Matrix"). Plaintiff alleges that Defendant Sage discriminated against her for exercising her rights under the Family and Medical Leave Act ("FMLA") and the Oregon Family Leave Act ("OFLA"). Plaintiff also brings a claim for wrongful discharge against Defendant Sage and a tortious interference with economic relationship claim against Defendant Matrix. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Matrix now moves to dismiss Plaintiff's single claim against it.

  This court has federal question jurisdiction over the FMLA claim pursuant ot 28 USC §1331 and 29 USC §2617(2), and supplemental jurisdiction over the state law claims under 28 USC 1367(a).

  For the reasons set out below, Defendant Matrix's motion should be granted.

## Background

  Plaintiff brings four claims. As noted above, only Plaintiff's Fourth Claim for Relief alleging Interference with Economic Relationship against Matrix is at issue here.

  The following allegations are taken from Plaintiff's Amended Complaint.

Sage is a business management software solutions company. Matrix is Sage's third-party leave administrator ("TPA"). Plaintiff was employed full-time by Sage as a Senior Customer Support Analyst in its Portland location from March 1, 2006 through October 14, 2013.

Plaintiff's 2012 Medical Certification for leave under OFLA and FMLA indicated that Plaintiff had Irritable Bowel Syndrome ("IBS") that had commenced in 2002, was lifelong in duration, and would require Plaintiff to take intermittent leave from work at a frequency of four two-day episodes per month.

Plaintiff took intermittent leave from work due to her medical condition from November, 2012 through October 14, 2013, when she was terminated from her employment. Plaintiff alleges that Sage terminated her employment for absences related to her medical condition.

In her Fourth Claim for Relief Plaintiff alleges that:

Defendant Matrix wlfully (sic), intentionally and maliciously interfered with plaintiff's employment agreement or acted knowing that the interference was substantially certain to occur from its actions and were a necessary consequence thereof; by engaging in conduct in an improper manner as specified in paragraphs 19, 20, 27 and 28, above.

Paragraphs 19 and 20 of the Amended Complaint allege that Sage, through its employees and/or agents, violated the OFLA by retaliating and discriminating against Plaintiff for taking medical leave.

Paragraphs 27 and 28 of the Amended Complaint allege that Sage violated Plaintiff's rights under the FMLA by retaliating and discriminating against Plaintiff "while and/or, for taking medical leave . . . ."

In her Fourth Claim for Relief, Plaintiff seeks economic, non-economic and exemplary damages.

**<u>Standards for Evaluating Motions to Dismiss Under Fed. R. Civ. P. 12(b)(6)</u>**

In evaluating a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept the allegations of material fact as true, and must construe those allegations in the light most favorable to the non-moving party. <u>Parks Sch. of Bus. v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995). However, the court need not accept any legal conclusions set forth in a plaintiff's pleading. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts to state a claim for relief "that is plausible on its face." <u>Id</u>. (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). The court must determine whether the plaintiff has made factual allegations that are "enough to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 545. Dismissal under Rule 12(b)(6) is proper only where there is no cognizable legal theory to support the claim or when there is an absence of sufficient factual allegations to support a facially plausible claim for relief. <u>Shroyer v. New Cingular Wireless Servs., Inc.</u>, 622 F.3d 1035, 1041 (9th Cir. 2010).

**<u>Discussion</u>**

Matrix moves for dismissal of the single claim against it, arguing that the claim is essentially "a disguised FMLA claim, which may not be properly asserted against Matrix" because Matrix is not Plaintiff's employer.

Plaintiff does not dispute that Matrix is not her employer but asserts that Matrix's status is insignificant to the analysis of Plaintiff's intentional interference claim. Instead, Plaintiff argues, the court must evaluate whether Matrix's actions violated an "objective and identifiable standard provided by the [FMLA and OFLA] statute[s]" and thereby interfered with Plaintiff's economic relationship with Sage through "improper means."

FINDINGS AND RECOMMENDATION – 4

## I.  Standards

### A.  Intentional Interference with Economic Relations

In order to state a claim for intentional interference with economic relations, a plaintiff must plead: 1) the existence of a present or prospective business or professional relationship; 2) a third party's intentional interference with that relationship; 3) which is accomplished through improper means or for an improper purpose; 4) a causal relationship between the interference and the damage to the relationship, and 5) resulting damages. McGanty v. Staudenraus, 321 Or. 532, 535, 901 P.2d 841 (1995).

If a defendant's liability allegedly arises from improper means, "then the means must violate some objective, identifiable standard, such as a statute or other regulation, or a recognized rule of common law, or, perhaps, an established standard of a trade or profession." NW Natural Gas Co. v. Chase Gardens, Inc., 328 Or. 487, 498, 982 P.2d 1117 (1999)(citing Top Service Body Shop v. Allstate Ins. Co., 283 Or. 201, 209-10, 582 P.2d 1365 (1978)).

### B.  FMLA/OFLA

The FMLA makes it unlawful for an "employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" by the Act. 29 U.S.C. § 2615(a)(1). The OFLA prohibits an employer from retaliating or in any way discriminating against an employee who has submitted a request for family leave or has inquired about or invoked any provision of the statute.  O.R.S. 659A.183(2).  Under the OFLA it is an unlawful employment practice "[f]or any person, whether an employer or an employee, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter or to attempt to do so." O.R.S. 659A.030(1)(g).

## II. <u>Analysis</u>

Plaintiff's Amended Complaint adequately pleads several of the elements required to state a claim for intentional interference with economic relations. She alleges an employment relationship, interference by a third party, causation, and damages. The remaining issue is whether Matrix's alleged interference was accomplished through improper means or for an improper motive. Plaintiff argues that she has adequately alleged Matrix's liability based on improper means because she has alleged that Matrix violated an "objective, identifiable standard," specifically, the FMLA and OFLA. Plaintiff argues that she need not show that Matrix would be subject to liability pursuant to FMLA/OFLA, only that it violated the standards set out in those statutes.

Plaintiff cites to a single Northern District of Illinois memorandum opinion to support her argument. The case, <u>Arango v. Work & Well, Inc.</u>, 2012 WL 3023338 (N.D. Ill. July 24, 2012), involved claims by a plaintiff on behalf of himself and a putative class against his employer and the employer's TPA for violations of FMLA and tortious interference with employment under Illinois law. The court, in denying the TPA's motion to dismiss the intentional interference claim, noted that the plaintiff had adequately alleged facts, including that the TPA had administered its FMLA leave policy in contradiction of the FMLA, that would allow the court to draw the reasonable inference that the TPA was liable for the alleged misconduct. <u>Id.</u> at *1-2.

Matrix argues that the only improper means Plaintiff attributes to Matrix is alleged violations of FMLA and OFLA and that it could not have violated any of the standards in those statutes because it was not governed by them. Matrix also argues that the <u>Arango</u> case applying Illinois law and other cases relied upon by Plaintiff are unavailing and cites to several Oregon

cases that have addressed and dismissed tortious interference claims where the alleged improper means was based on a statutory or common law claim that otherwise failed.

As noted above, Plaintiff does not dispute that Matrix did not employ her. I also note that Plaintiff voluntarily withdrew her FMLA claim against Matrix when she filed her Amended Complaint. Plaintiff's claim against Matrix is prefaced on allegations that its liability stems from violations of the FMLA and OFLA. Am. Compl. at ¶¶38, 40. By its express language, the FMLA applies only to employers. OFLA also similarly limits its boundaries. Even the "aiding and abetting" provisions of ORS 659A.030(1)(g) that reference "any person" immediately qualify this language with the words "whether an employer or an employee." I, therefore, agree with other decisions in this District that have held that ORS 659A.030 does not allow a claim for aiding and abetting against an entity that is neither the plaintiff's employer nor an employee of the plaintiff's employer. See Larmanger v. Kaiser Foundation Health Plan of the Northwest, 805 F. Supp. 2d 1050, 1056 (D.Or. 2011)(Brown, J.).

Although there is no Ninth Circuit case directly addressing the viability of an intentional interference with economic relations claim premised on a non-viable statutory or common-law claim, I find persuasive the decisions reached by other judges in this District who have addressed similar issues. See, e.g., Witt Co., v. RISO, Inc., 948 F. Supp 2d 1227 (D.Or. 2013)(Hernandez, J.)(dismissing an intentional interference with economic relations claim where alleged antitrust violations furnished the improper means and the antitrust claim had been dismissed); Noel v. Hall, 2012 WL 3241858 (D.Or. April 27, 2012)(Acosta, J.)(concluding that improper means necessary for an intentional interference with contractual relations claim could not be furnished by statutory claims that failed as a matter of law), adopted by 2012 WL 3241814 (D. Or. Aug. 7, 2012).

Plaintiff points to no set of facts that could support a conclusion that Matrix ever employed Plaintiff. Furthermore, Plaintiff has not pled nor presented evidence that Matrix was governed by the standards of either the FMLA or the OFLA in terms of its conduct towards her. The Arango case relied upon by Plaintiff is unpersuasive both because it necessarily applies Illinois' different standard for intentional interference and because it does not address the specific issue here, namely, whether a defendant's liability for intentional interference may be based on statutory requirements that do not govern that defendant. It would contradict common sense for this Court to conclude that Matrix could nevertheless be held liable for intentional interference based on the "improper means" of allegedly violating those self-same statutes. I, therefore, conclude that because Plaintiff's FMLA and OFLA claims against Matrix are not viable because Matrix is not governed by those statutes in respect to its relationship with Plaintiff, those same statutes cannot then, in turn, furnish the improper means required for an intentional interference with economic relations claim against Matrix.

## Conclusion

Based on the record before this court, I conclude that Plaintiff has failed to allege sufficient facts to state a claim for intentional interference with economic relations. Accordingly, Plaintiff's Fourth Claim for Relief should be dismissed and, because I also conclude that Plaintiff has failed to point to any set of facts that would support such a claim, the claim should be dismissed with prejudice.

## Scheduling Order

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due October 16, 2015. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 28th day of September, 2015.


_____/s/ John Jelderks_____
John Jelderks
U.S. Magistrate Judge