**BENJAMIN ROSENTHAL**, OSB No. 830828
Attorney at Law
benrose@europa.com
1023 SW Yamhill Street, Suite 200
Portland, OR 97205
Telephone: (503) 226-6409
Facsimile: (503) 226-0903

**Attorney for Plaintiff**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MARY MCINTIRE,** | No. 3:15-cv-00769-JE |
| Plaintiff, | **PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATION** |
| v. | |
| **SAGE SOFTWARE, INC.**, a foreign business corporation, and **MATRIX ABSENCE MANAGEMENT, INC.**, a foreign business corporation, | |
| Defendants. | |

## I.  INTRODUCTION

Plaintiff Mary McIntire respectfully submits her Objections to the Honorable Magistrate Judge John Jelderks' Findings and Recommendation ("F&R") in this matter, dated September 28, 2015. Plaintiff incorporates the facts as articulated in the pleadings in this matter.

PAGE 1 – PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATION

BENJAMIN ROSENTHAL
1023 SW YAMHILL ST, STE 200
PORTLAND, OR 97205
(503) 226-6409

## II. ARGUMENT

### A. Judge Jelderks Failed to Consider that Defendant Matrix is Bound to Administer Defendant Sage's Leave Policy According to FMLA/OFLA.

Judge Jelderks correctly indicates Matrix is not an employer as defined under FMLA and OFLA. F&R at 4. However, Judge Jelderks failed to consider that Matrix, as a third-party administrator is bound in contract to Sage to administer its leave policy in accordance with standards set under those Statutes. If Matrix were not bound in such a relationship it would be able to freely violate FMLA/OFLA because it is not the "employer." Not only is Matrix bound under contract to Sage, but it has a duty to Plaintiff as Sage's employee to adhere to the requirements of FMLA/OFLA.

In *Arango v. Work & Well, Inc.*, this contractual relationship between the employer and third-party administrator was a relevant consideration. There, the contract between Arango's employer and the third-party administrator defendant stated, "*W & W's WorQuest® services ensure consistent, complete FMLA compliance*[.]" *Arango v. Work & Well, Inc.*, 930 F.Supp.2d 940, 945 (N.D. Ill., 2013) (emphasis in original) ("*Arango* II"). The defendant made an undisputed promise that it would "*ensure consistent, complete FMLA compliance*[.]" *Id*. (emphasis in original). Here, Plaintiff has not had an opportunity to review the contractual relationship between Sage and Matrix because Matrix has moved to dismiss under FRCP 12(b)(6) in response to Plaintiff's Amended Complaint. It stands to reason that Matrix's contract with Sage similarly requires Matrix ensure FMLA compliance. Matrix's actions at issue did not ensure FMLA compliance and resulted in tortious interference with Plaintiff's economic relationship with Sage.

BENJAMIN ROSENTHAL
1023 SW YAMHILL ST. STE 200
PORTLAND, OR 97205
(503) 226-6409

The court must determine whether Plaintiff has made factual allegations that are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Dismissal under Rule 12(b)(6) is proper only where there is no cognizable legal theory to support the claim or when there is an absence of sufficient factual allegations to support a facially plausible claim for relief. *Shrover v. New Cineular Wireless Servs., Inc.*, 622F.3d 1035, 1041 (9th Cir. 2010). Here, Plaintiff has asserted factual allegations enough to raise a right to relight above the speculative level and dismissal under 12(b)(6) is not appropriate.

### B. Effect of Intentional Interference as an Interstitial Tort.

Judge Jelderks failed to consider the application of intentional interference as an interstitial tort to provide a remedy where Plaintiff would otherwise be denied. An interstitial tort fills a gap where a violation of public policy would otherwise not be adequately remedied. *See, Draper v. Astoria School Dist. No. 1C*, 995 F.Supp. 1122, 1128 (D. Or., 1998) (discussing wrongful discharge); <u>*Dunwoody v. Handskill Corp.*</u>, 185 Or App 605, 60 P3d 1135, 1140 (Or. App., 2003) (same). FMLA and OFLA do not preempt a wrongful discharge claim. *See, Pacosa v. Kaiser Found. Health Plan of the Nw.*, 09-CV-1137-BR (D. Or., January 21, 2011). Similarly, Plaintiff's intentional interference claim here is not a disguised FMLA claim but stands on its own independent of any attempt to apply FMLA or OFLA statutory obligations directly. Plaintiff's medical absences should have been approved. Matrix failed to do so. This failure to approve leave constituted the improper means element of intentional interference with an economic relationship because Matrix failed to abide by an established standard for third-party administrators. Denying Plaintiff's intentional interference claim is denying Plaintiff a remedy for a Matrix's violation which flies in the face of public policy.

PAGE 3 – PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATION

### C. Judge Jelderks Wrongly Distinguished *Arango* and Failed to Properly Distinguish Other Cases.

Judge Jelderks distinguished *Arango v. Work & Well, Inc.* ("*Arango* I"), the most factually relevant case addressing intentional interference by a third-party administrator under FMLA, but failed to distinguish cases cited by Matrix. In *Arango* I, the court found the plaintiff alleged that Work & Well administered its FMLA leave policy in contradiction of the FMLA and in doing so unjustifiably interfered with his employment relationship with Sysco. *Arango v. Work & Well, Inc.*, No. 11 C 1525, 4 (N.D. Ill., July 24, 2012) (*Arango* I). Because the tortious interference count was sufficiently pled under the federal notice pleading standard, the defendant's motion to dismiss the tortious interference claim was denied. *Id.*

In both *Arango* cases, the plaintiff, who was employed by Sysco, requested twelve weeks of leave under FMLA. *See, Arango* II, 930 F.Supp.2d at 941. The defendant, Sysco's third-party administrator, wrongly told Sysco that Arango was not entitled to the last six weeks of leave requested, and Sysco terminated him as a result. *Id.* At issue was plaintiff's suit for tortious interference with his contractual relationship with Sysco. The court denied the defendant's motion for summary judgement because it found the facts were sufficient to suggest the defendant intentionally denied meritorious FMLA leave requests by requiring the plaintiff provide additional medical documentation to receive the full amount of leave already established by his doctor. *Id.* at 946.

*Arango* II found the third-party administrator could be liable under tortious interference despite recognizing the third-party administrator was not defined as the employer under FMLA. As the *Arango* II court eloquently stated:

PAGE 4 – PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATION

BENJAMIN ROSENTHAL
1023 SW YAMHILL ST, STE 200
PORTLAND, OR 97205
(503) 226-6409

> The question, then, is whether allowing plaintiff to assert a tortious interference claim against defendant, which is not an FMLA employer, would frustrate the statute's goals of balancing workplace and family demands while accommodating employers' legitimate interests and promoting equal employment opportunity? *See* § 2601(b). The answer is no. In fact, the opposite is true.

*Id.* at 943. The FMLA allows an employer to shield behind a third-party administrator's advice when acting in good faith and on reasonable grounds. *Id.* The court reasoned:

> If administrators were exempt from both FMLA and tort liability, they could deny meritorious FMLA claims—thereby saving their clients FMLA costs for all employees but those willing to sue, giving their clients a liquidated damages defense for any FMLA suit that was filed against them and enhancing their own reputations and revenues—with impunity.

*Id.* Permitting plaintiffs to assert FMLA-based tort claims against a third-party administrator defendant promotes the objectives of the federal statute. *Id.* at 944. Similarly, here, allowing Matrix to escape tort liability allows it to deny meritorious FMLA claims, such as Plaintiff's, with impunity.

Judge Jelderks considered *Arango* I unpersuasive saying that it both applied Illinois' different standard for intentional interference and did not address the specific issue here, namely, whether a defendant's liability for intentional interference may be based on statutory requirements that do not govern that defendant. F&R at 8. First, Illinois having a slightly different standard for intentional interference from Oregon is not dispositive. The only substantively different element between the States is Oregon's requirement that the interference be accomplished through improper means or for an improper purpose. *Compare, McGanty v. Staudenraus*, 321 Or. 532, 535, 901 P.2d 841 (1995) and *Anderson v. Vanden Dorpel*, 172 Ill.2d 399, 667 N.E.2d 1296, 1298 (Ill., 1996). The improper means "may be wrongful by reason of a statute or other regulation, or a recognized rule of common law, or perhaps an established standard of a trade or profession." *Top*

PAGE 5 – PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATION

*Service Body Shop, Inc. v. Allstate Ins. Co.*, 582 P.2d 1365, 1371, 283 Or. 201 (Or., 1978). Matrix's actions as alleged are violations of FLMA standards, Matrix's contractual obligations to Sage, and the standards of the third-party administrator trade, all of which satisfy Oregon's improper means element.

Second, Judge Jelderks did not find *Arango* I persuasive because he saw the issue as whether a defendant's liability for intentional interference may be based on statutory requirements that do not govern that defendant. F&R at 8. It is correct that *Arango* I did not specifically discuss this because it is not a legal issue raised by a tortious interference claim. However, neither OFLA nor FMLA is the basis of Plaintiff's intentional interference claim. The medical leave policies stipulated in OFLA and FMLA provide the context to view the Oregon tort's required element of improper means or improper purpose. The improper means or improper purpose does not need not be of a law directly applicable to the defendant. *See, Top Service*, 582 P.2d at 1365.

In contrast to finding *Arango* I unpersuasive, Judge Jelderks found various District of Oregon cases persuasive which dealt with allegations which failed because the action was allowed under the applicable law. The conduct underlying the intentional interference claim as alleged by Plaintiff was a violation of standards set by FMLA/OFLA and implemented by third-party administrators on behalf of employers. The two cases relied upon by Judge Jelderks, and two additional cases cited by Matrix, involved conduct which, for various reasons, did not violate the specific statute at issue.

In *Witt Co.* the court dismissed an intentional interference with economic relations claim where alleged antitrust violations provided the improper means and the antitrust claim had been dismissed. *Witt Co. v. Riso, Inc.*, 948 F.Supp.2d 1227 (D. Or., 2013). However, the unilateral

PAGE 6 – PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATION

conduct at issue in *Witt Co.* was not prohibited under the Sherman Act. *Id.* at 1238. Here, Matrix's conduct violated its obligation to ensure FMLA compliance. In *Noel v. Hall*, the basis for the intentional interference in economic relations claim was recording voice messages which the court ruled were not improper interception of a wire communication under the Federal Wiretap Act. *Noel v. Hall*, 2012 WL 3241858 (D. Or., April 27, 2012). Here, the conduct complained of does violate the standard set by statute and by third-party administrator practice.

Two additional cases cited by Matrix in its Reply are similarly distinct from the situation here. In *Ahern*, a dispute over unfair labor practices in the public sector the tort claim was preempted by laws governing the Oregon Employee Relations Board which the court lacked jurisdiction over. *Ahern v. OPEU*, 329 Or 428, 988 P2d 364, 365 (Or., 1999). In *Gardner*, the improper means in the complaint were allegedly defamatory statements which were protected by the First Amendment. *Gardner v. Martino*, 2005 U.S. Dist. LEXIS 38970, *34-35 (D. Or. Sept. 19, 2005). None of these cases involved FMLA, OFLA, or third-party administrators. All had distinguishing factual elements making the claim not actionable under a specific statue, however an intentional interference claim's improper means can stem from, "a statute or other regulation, or a recognized rule of common law, or perhaps an established standard of a trade or profession." *Top Service*, 582 P.2d at 1371.

### III. CONCLUSION

Plaintiff adequately plead a claim against Matrix for intentional interference with an economic relationship - Plaintiff's employment with Sage. For this reason, Plaintiff respectfully requests that the Court reject Judge Jelderks' Findings and Recommendation and deny Defendants' Motion to Dismiss. The fundamental issue is whether Matrix, as a third party to the

PAGE 7 – PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATION

economic relationship between Plaintiff and Sage, interfered with that relationship through an improper means or for an improper motive. Plaintiff has submitted a well-plead claim indicating Matrix violated an objective, identifiable standard as required by Oregon law. This standard need not be a separately actionable statute. Finding otherwise and accepting Judge Jelderks' Findings and Recommendation enables a third party administrator to act with impunity when running afoul of FMLA/OFLA, as Matrix seeks to do here.

DATED this 16th day of October, 2015.

Respectfully submitted by,

_____
Benjamin Rosenthal, OSB No. 830828
Attorney for Plaintiff Mary McIntire