Kelly S. Riggs, OSB No. 094862
kelly.riggs@ogletreedeakins.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500
Portland, OR  97201
Telephone:	503.552.2140
Fax:	503.224.4518

Attorneys for Defendant
MATRIX ABSENCE MANAGEMENT, INC.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MARY MCINTIRE,<br><br>            Plaintiff,<br><br>    v.<br><br>SAGE SOFTWARE, INC., a foreign business corporation, and MATRIX ABSENCE MANAGEMENT, INC., a foreign business corporation,<br><br>            Defendants. | Case No.: 3:15-cv-00769-JE<br><br>**DEFENDANT MATRIX ABSENCE MANAGEMENT, INC.'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATION** |

## I.     **INTRODUCTION**

The Magistrate Judge correctly ruled that "because Matrix is not governed by [the FMLA or OFLA] in respect to its relationship with Plaintiff, those same statutes cannot then, in turn, furnish the improper means required for an intentional interference with economic relations claim" and should therefore be dismissed with prejudice.  Findings & Recommendations ("F&R"), p. 8 (Dkt. 34).

1 – DEFENDANT MATRIX ABSENCE MANAGEMENT, INC.'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATION

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone:  503.552.2140 | Fax: 503.224.4518

It is undisputed that Matrix was never Plaintiff's employer (or joint employer). Nor is there any dispute that, consequently, neither the FMLA nor OFLA applies to Matrix and that as a result, Plaintiff cannot not assert direct claims for violations of the FMLA or OFLA against Matrix. Indeed, Plaintiff already voluntarily dismissed her direct FMLA claim against Matrix. Nevertheless, she continues to assert a claim for tortious interference against Matrix based upon the exact same allegations: that Matrix interfered with her employment relationship <u>by violating the FMLA and/or OFLA</u>. *See* Am. Compl. ¶¶ 1, 40 (incorporating ¶¶ 19, 20, 27, and 28).

However, as set forth further in Matrix's motion to dismiss (Dkt. 26) and reply brief (Dkt. 29), and the Magistrate Judge's Findings and Recommendations granting Matrix's motion (Dkt. 34), which are incorporated by reference herein, Oregon law does not allow a plaintiff to pursue a tortious interference claim that is based upon a non-viable statutory claim. *See e.g. Noel v. Hall*, 2012 U.S. Dist. LEXIS 110575, * 42 (D. Or. Apr. 27, 2012)(dismissing tortious interference claim based upon alleged statutory wiretapping violation that legally did not apply to the defendant). *See also* Reply, p. 5-6 (Dkt. 29). Plaintiff did not cite a single authority to the contrary, let alone any applicable authority which permits a tortious interference claim against a third party leave administrator that was based upon alleged violations of the FMLA or OFLA– statutes which indisputably do not apply to Matrix. *Id.* Upon review of the parties' written submissions and oral arguments, the Magistrate Judge therefore correctly concluded that Plaintiff could not pursue a tortious interference claim against Matrix based upon the FMLA and OFLA, and recommended dismissal of her claim with prejudice because Plaintiff had failed to point to any set of facts that would support her claim. F&R, p. 8 (Dkt. 34).

Plaintiff now objects to the Magistrate Judge's Findings and Recommendations, arguing that the Magistrate Judge: 1) improperly distinguished the single out-of-circuit authority –

2 – DEFENDANT MATRIX ABSENCE MANAGEMENT, INC.'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATION

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax: 503.224.4518

*Arango v. Work & Well, Inc.*, 2012 WL 3023338 (N.D. Ill. July 24, 2012) – that she relied upon in support of her argument that she could pursue a tortious interference claim against a third party administrator based upon alleged violations of the FMLA, and 2) failed to properly distinguish the cases cited by Matrix – *Noel, Witt, Ahern*, and *Gardner* – establishing that Oregon law does not allow a tortious interference claim based upon alleged non-viable statutory violations. However, the Magistrate Judge correctly concluded that *Arango* is factually and legally distinguishable because it did not address the material issue raised by Matrix's motion and applied a materially different standard for tortious interference claims under Illinois law. F&R, p. 6-8 (Dkt. 34). The Magistrate Judge also properly relied upon *Noel* and *Witt* to find that Oregon law does not allow tortious interference claims based upon statutes that do not apply to the defendant or conduct. *Id*.

Plaintiff also raises two entirely new legal arguments in her Objections in attempt to argue that the Magistrate Judge erred in recommending that Matrix's motion to dismiss be granted, namely: 1) that the Magistrate Judge failed to consider that Matrix was bound to ensure FMLA compliance; and 2) that the Magistrate Judge failed to consider the effect of a tortious interference claim as an interstitial tort to provide a remedy where one would otherwise be denied. Plaintiff offers absolutely no explanation for her failure to raise either argument in the underlying proceedings, and none is apparent. Accordingly, the District Court should exercise its discretion not to consider these additional arguments and legal theories raised for the first time in Plaintiff's Objections. *B&K Livestock Auction, Inc. v. Oregon Dept. of Environmental Quality*, 2013 U.S. Dist. LEXIS 107254, *3-4 (D. Or. Jul. 31, 2013), citing *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (noting that in the Ninth Circuit a District Court "has discretion, but is not required" to consider "new evidence" raised in Objections to a Magistrate's

3 – DEFENDANT MATRIX ABSENCE MANAGEMENT, INC.'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATION

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax: 503.224.4518

Findings and Recommendations, and exercising its discretion <u>not</u> to consider the plaintiff's new arguments raised for the first time in objections on a motion to dismiss where plaintiff offered no explanation for why those arguments were not raised previously).

However, even if these new arguments were properly before the Court at this time, neither spares Plaintiff's claim against Matrix from dismissal because Plaintiff cites no factual or legal authority to support either argument. Moreover, Plaintiff's assertion that she will otherwise be denied a remedy if her claims against Matrix are not allowed is simply wrong, because her claims against her employer, Sage, will remain intact and provide a potential remedy.

For all of these reasons, and as set forth further in Matrix's motion, reply, and argument below, the Magistrate Judge was correct in recommending that Plaintiff's tortious interference claim against Matrix be dismissed with prejudice, and the District Court should adopt his Findings and Recommendations in full.

## II. <u>LEGAL STANDARD</u>

When a party objects to a magistrate judge's proposed findings and recommendations, the District Court "shall make a *de novo* determination of those portions of the . . . specified proposed findings or recommendations to which objection is made." 28 U.S.C § 636(b)(1)(C). *See also* Fed. R. Civ. P. 72(b)(3) the District Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." The essential elements of a *de novo* review under 28 U.S.C. § 636 were defined by the Supreme Court in *United States v. Raddatz*, 447 U.S. 667, 65 L. Ed. 2d 424, 100 S. Ct. 2406 (1980). The Supreme Court noted that ". . . [n]ormally, the judge . . . will consider the record which has been developed before the magistrate and make his own determination on the basis of that record. . . ." *North American*

4 – DEFENDANT MATRIX ABSENCE MANAGEMENT, INC.'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATION

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax: 503.224.4518

*Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1450 (9th Cir. Cal. 1986) (citations and emphasis omitted)).

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim if the plaintiff fails to allege facts sufficient to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To satisfy the plausibility standard, a plaintiff's allegations must show that defendant's liability is more than a sheer possibility. *Id*. The Court must accept as true the allegations in the complaint and construe them in favor of the plaintiff. *Intri-Plex Techs., Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1050 n.2 (9th Cir. 2007). However, the Court need not accept merely conclusory allegations as true. *Warren v. Fox Family Worldwide, Inc*., 328 F.3d 1136, 1139 (9th Cir. 2003). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient to withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678.

III. **THE MAGISTRATE CORRECTLY CONCLUDED THAT PLAINTIFF'S TORTIOUS INTERFERNECE CLAIM AGAINST MATRIX SHOULD BE DISMISSED WITH PREJUDICE**

   A. **The Magistrate Judge Correctly Distinguished *Arango* and Found it Unpersuasive Because It Did No Address the Critical Issue of Whether a Tortious Interference Claim Can Be Based upon Non-Viable Statutory Violation Under Oregon Law.**

Plaintiff's argument that the Magistrate Judge incorrectly distinguished *Arango v. Work & Well* lacks merit. As noted above, Plaintiff has not cited a single case from this District or Circuit allowing a plaintiff to pursue a tortious interference claim against a third party administrator based upon alleged violations of the FMLA or OFLA. Instead, Plaintiff relies upon on a single out-of-Circuit case for her tortious interference theory, *Arango v. Work & Well*, 2012 WL 3023338 (N.D. Ill. July 24, 2012), which allowed a plaintiff to pursue a tortious interference claim against a third party administrator under Illinois common law. *See* Pl. Resp.,

5 – DEFENDANT MATRIX ABSENCE MANAGEMENT, INC.'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATION

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax: 503.224.4518

p. 6-7 (Dkt. 28). However, as set forth further in Matrix's reply brief, *Arango* is inapplicable and not helpful to Plaintiff's argument because it did not address the critical issue raised by this motion, and it applied Illinois, not Oregon, common law. *See* Matrix's Reply, p. 4-5 (Dkt. 29). The Magistrate Judge agreed and distinguished *Arango*, finding it "unpersuasive because it necessarily applies Illinois' different standard for intentional interference and because it does not address the specific issue here, namely, whether a defendant's liability for intentional interference may be based on statutory requirements that do not govern that defendant." F&R, p. 6 (Dkt. 34).

Despite Plaintiff's concession that, unlike Illinois, Oregon law requires a plaintiff to prove an *additional* element that the interference was accomplished "through improper means or for an improper purpose," Plaintiff argues that the Magistrate Judge should not have distinguished *Arango* because the standards applied by Illinois and Oregon are only "slightly different." Pl. Objs., p. 5 (Dkt. 37). *See also* Reply, p. 3-5 (Dkt. 29) (citing *Top Service Body Shop.*, 283 Or. at 209-210) for further discussion of the requirements to plead a tortious interference claim and the improper means element. However, this difference between Illinois and Oregon law is, in fact, a substantial and material difference that goes to the heart of Matrix's motion. Plaintiff's claim against Matrix is premised upon an allegation that Matrix acted through "improper means or for an improper purpose" by violating the FMLA or OFLA. Am. Compl. ¶ 40. Indeed, elsewhere in her Objections, Plaintiff concedes that the "the fundamental issue is whether Matrix . . . interfered with that relationship through an improper means or an improper motive," *i.e.,* by allegedly violating the FMLA and/or OFLA. Pl. Objs. p. 7-8 (Dkt. 37). It defies logic for Plaintiff to concede that the improper means element is the fundamental issue in this case, while at the same time arguing that the Illinois standard, which does not

6 – DEFENDANT MATRIX ABSENCE
MANAGEMENT, INC.'S RESPONSE TO
PLAINTIFF'S OBJECTIONS TO FINDINGS
AND RECOMMENDATION

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax: 503.224.4518

include that element, is not materially distinguishable. Because the fundamental question here is whether Plaintiff can rely upon statutes that do not apply to show improper means under *Oregon* law, the Magistrate Judge was correct in finding *Arango* inapplicable.

Plaintiff's argument that the Magistrate incorrectly distinguished *Arango* on the basis that it did not address the critical issue raised in this motion is also logically deficient. Plaintiff concedes that *Arango* didn't address the fundamental issue of whether a tortious interference claim may be based upon statutory requirements that do not govern the defendant. Pl. Objs. P. 6 (Dkt. 37). Instead, she argues that *Arango's* failure to address this issue doesn't matter because "neither OFLA nor FMLA is the basis of Plaintiff's intentional interference claim." *Id*. But that is exactly what Plaintiff is alleging. The entire basis of Plaintiff's claim against Matrix are her allegations that "Matrix wrongfully interfered with Plaintiff's economic relationship with Sage by violating FMLA and OFLA policies," and "by engaging in conduct in an improper manner" including actions that "violated Plaintiff's rights under OFLA" and "violated Plaintiff's rights under FMLA." Am. Compl. ¶¶ 1, 40 (incorporating ¶¶ 19, 20, 27, and 28). Indeed, just three sentences earlier in her Objections, Plaintiff expressly states that "Matrix's actions as alleged are violations of FMLA standards." Pl. Objs. P. 6 (Dkt. 37). Thus, Plaintiff cannot plausibly deny that her claim is premised upon alleged violations of the FMLA and OFLA – statutes which indisputably do not apply directly to Matrix because it was never Plaintiff's employer. Accordingly, it *does* matter here that Oregon law doesn't permit her to pursue a tortious interference claim on the grounds that those statutes do not govern Matrix. Thus, because *Arango* does not address that question, the Magistrate Judge correctly found it to be unpersuasive.

7 – DEFENDANT MATRIX ABSENCE
MANAGEMENT, INC.'S RESPONSE TO
PLAINTIFF'S OBJECTIONS TO FINDINGS
AND RECOMMENDATION

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax: 503.224.4518

**B. The Magistrate Judge Correctly Relied Upon Cases Cited By Matrix Establishing that Under Oregon Law a Tortious Interference Claim May Not Be Based Upon Statutory Violations That Do Not Govern the Defendant.**

Plaintiff has not identified a single case in this District or Circuit holding that a tortious interference claim based upon alleged violations of the FMLA or OFLA can be asserted against a third party administrator such as Matrix, or any case finding that a tortious interference claim can be based upon violation of an alleged statute that legally does not apply to the defendant or conduct at issue. On the contrary, the overwhelming authority in this District establishes that a plaintiff cannot use a non-viable statutory violation as the "improper means" to support a tortious interference claim. *See* Reply, p. 4-6 (Dkt. 29), *citing and discussing Witt Company v. RISO, Inc.*, 948 F. Supp. 2d 1227, 1245 (D. Or. 2013), *Noel v. Hall*, 2012 WL 3241858 (D. Or. Apr. 27, 2012), *Gardner v. Martino*, 2005 U.S. Dist. LEXIS 38970, *34-35 (D. Or. Sept. 19, 2005), *Ahern v. Oregon Pub. Emples. Union*, 329 Or. 428, 436 (1999).

Accordingly, the Magistrate Judge correctly concluded that Plaintiff's tortious interference claim against Matrix should be dismissed because neither the FMLA nor OFLA – which do not apply to Matrix – can furnish the improper means to support Plaintiff's tortious interference claim. F&R, p. 8 (Dkt. 34). Indeed, the Magistrate Judge went on to aptly explain that "it would contradict common sense for this Court to conclude that Matrix could nevertheless be held liable for intentional interference based on the 'improper means' of allegedly violating those self-same statutes." *Id*.

Plaintiff's argument that the Magistrate Judge failed to properly distinguish the cases cited by Matrix lacks merit. For example, Plaintiff argues that *Witt* is distinguishable because there the alleged conduct was not prohibited by the statute at issue (the Sherman Act), but here, Matrix's alleged conduct "violated its obligation to ensure FMLA compliance." Pl. Objs. p. 6-7

8 – DEFENDANT MATRIX ABSENCE MANAGEMENT, INC.'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATION

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax: 503.224.4518

(Dkt. 37). As an initial matter, Plaintiff cites absolutely no authority for her assertion that Matrix had any "obligation to ensure FMLA compliance," let alone that it violated such obligation. Moreover, even assuming such an obligation existed, that does not change the general proposition for which *Witt* was cited: that Judge Hernandez dismissed a tortious inference claim where the underlying statutory claim failed because it was "inseparably tied to the anti-trust claim" and failed along with it. *Witt*, 948 F. Supp. 2d at 1245. Because Plaintiff's tortious interference claim is expressly based on the FMLA and OFLA, like in *Witt*, her claim is inextricably tied to non-viable statutory claims and there is no set of facts upon which Plaintiff could prove her tortious interference claim without relying upon inapplicable statutes. Thus, the Magistrate Judge properly considered and relied upon *Witt* in finding that Oregon law does not allow a tortious interference claim to be based upon a legally non-viable statutory claim.

Plaintiff also fails in her attempt to distinguish *Noel*. First, Plaintiff appears to mistakenly focus on the wrong part of *Noel* which addressed the court's analysis of the Plaintiff's *federal* wiretapping claims, which failed for a different reason. The relevant portion of *Noel* cited by Matrix and relied upon by the Magistrate Judge, however, discussed the plaintiff's tortious interference claim based upon allegations of wiretapping in violation of *state* law. 2012 U.S. Dist. LEXIS 110575, *42 (D. Or. Apr. 27, 2012). *See also* Matrix's Reply, p. 5-6 (Dkt. 29). As set forth in Matrix's reply brief, in *Noel*, Judge Acosta dismissed the tortious interference claim where the alleged improper means relied on alleged violations of the Oregon wiretapping statute because the wiretapping statute applied only to conduct in which the district attorney or law enforcement was involved, and the defendant, a private individual acting alone, legally could not violate the statute. *Id*. at *30-31. Because the claim was asserted only against a private individual, the statutory wiretapping claims failed as a matter of law, and "d[id] not

9 – DEFENDANT MATRIX ABSENCE MANAGEMENT, INC.'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATION

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax: 503.224.4518

furnish the improper means required for [the tortious interference claim]" and "the tortious interference claims necessarily fail[ed] as well." *Id*. Thus, *Noel* is directly analogous to the present situation, in which Plaintiff is trying to base a tortious interference claim upon an alleged violation of a statute that Matrix legally could not violate, and the Magistrate Judge properly considered it in concluding that Plaintiff's claim against Matrix must be dismissed.

Finally, Plaintiff argues that the other cases – *Ahern* and *Gardner* – cited by Matrix for the proposition that a tortious interference claim cannot be based upon a statute that doesn't apply to the defendant's conduct should be distinguished because they did not involve the FMLA and/or OFLA, or third party administrators. Pl. Objs. p. 7 (Dkt. 37). However, that distinction does not negate the persuasiveness of these cases to support the general rule that, in Oregon, a tortious interference claim cannot be based upon a non-viable statutory claim if the defendant's conduct legally could not have violated the statute relied upon. *See* Reply, p. 5-6 (Dkt. 29). Thus, Plaintiff's attempt to distinguish this line of case fails, and the Magistrate Judge was correct in concluding Plaintiff has not and cannot assert a viable tortious interference claim against Matrix based upon the FMLA or OFLA.

**C. Plaintiff Offers No Support For Her New Argument That Matrix Was "Bound to Administer Sage's Leave Policy According to FMLA/OFLA."**

Plaintiff's Objections also argue that the Magistrate Judge "failed to consider that Matrix, as a third-party administrator is bound in contract to Sage to administer its leave policy in accordance with standards set forth under those Statutes." Pl. Objs. p. 2 (Dkt. 37). This is an entirely new allegation and argument that Plaintiff did not include in her original or First Amended Complaint, nor in the underlying proceedings, so the Magistrate Judge could not have erred in failing to consider it. Additionally, because Plaintiff has not and cannot offer any reasonable explanation for her failure to raise this argument previously, the District Court should

10 – DEFENDANT MATRIX ABSENCE MANAGEMENT, INC.'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATION

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax: 503.224.4518

not consider it now. *See B&K Livestock Auction,* 2013 U.S. Dist. LEXIS 107254 at *3-4, citing *Howell*, 231 F.3d at 621.

However, even if this argument were properly raised at this time, it is lacking in any factual or legal basis. Aside from the fact that plaintiff offers no factual support for her assertion that "it stands to reason that Matrix's contract with Sage similarly requires Matrix to ensure FMLA compliance," she fails to identify any applicable authority to support such an assumption. Pl. Objs. p. 2 (Dkt. 37). The only case to which Plaintiff cites in support of this argument is *Arango*, which, as discussed above, is an out-of-circuit case that is both legally and factually distinguishable and does not apply here. Further, contrary to Plaintiff's assertion, the mere fact that this one, specific contract in *Arango* obligated the third party leave administrator to ensure FMLA compliance does not establish an "industry standard," let alone that Matrix had such an obligation here. And even if it did, a contractual duty to ensure FMLA and OFLA compliance (if there even was one) would be a duty owed to Sage as Plaintiff's employer, not to Plaintiff, and would not support Plaintiff's attempt to assert a claim against Matrix.

### D. Plaintiff's Assertion that Her Claim Against Matrix Should Be Allowed As An Interstitial Tort Fails.

Plaintiff also argues for the first time in her Objections that the Magistrate Judge should have considered the application of her tortious interference claim against Matrix as an interstitial tort to provide a remedy where Plaintiff would otherwise be denied. Pl. Objs. p. 3 (Dkt. 37). Plaintiff did not raise the "interstitial tort" theory in the underlying proceedings, and should not now be allowed to argue that the Magistrate Judge failed to consider it in attempt to avoid dismissal of her claim against Matrix. *See B&K Livestock Auction*, 2013 U.S. Dist. LEXIS 107254 at *3-4, citing *Howell*, 231 F.3d at 621.

11 – DEFENDANT MATRIX ABSENCE MANAGEMENT, INC.'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATION

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax: 503.224.4518

In any case, even if the argument is properly raised before the District Court at this stage, Plaintiff's interstitial tort theory and the cases she relies upon fail to spare her claim against Matrix. First of all, Plaintiff doesn't cite a single authority holding that a claim for tortious interference is an interstitial tort under Oregon law, nor is Matrix aware of any. The only cases she cites – *Draper*, *Dunwoody*, and *Pacosa* – discuss common law wrongful discharge claims as an interstitial tort, but did not discuss claims for tortious interference. Moreover, each of the wrongful discharge cases cited by Plaintiff involves claims against the Plaintiff's *employer*, not claims against third parties such as Matrix. Further, Plaintiff's reliance on *Pacosa* for the proposition that the FMLA and OFLA do not preempt *wrongful discharge* claims in Oregon is inapposite, because it addresses only an employee's ability to pursue a common law wrongful discharge claim as against the *employer*, a party to which the FMLA and OFLA actually apply. *Pacosa* therefore provides no support for Plaintiff's attempt to extend a tortious interference claim based upon the FMLA or OFLA to a third party like Matrix who is not governed by those statutes. Thus, each case cited by Plaintiff is materially distinguishable and does not support her argument that her tortious interference claim against Matrix based upon alleged violations of the FMLA and OFLA should be allowed to proceed on an interstitial tort theory.

Further, even if tortious interference were appropriately viewed as an interstitial tort in Oregon, that theory still would not apply here because Plaintiff is not without a remedy for her alleged FMLA and OFLA violations. As noted by Plaintiff, an interstitial tort (where that theory applies) is one that fills a gap to provide a remedy where one would otherwise be denied. *See e.g. Draper v. Astoria School Dist. No. 1C*, 995 F. Supp. 1122, 1128 (D. Or. 1998). Here, dismissing Plaintiff's tortious interference claim against Matrix, the third party leave administrator, does not leave her without a potential remedy because her claims against her

12 – DEFENDANT MATRIX ABSENCE MANAGEMENT, INC.'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATION

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax: 503.224.4518

actual employer, Sage, for alleged violations of the FMLA, OFLA, and common law wrongful discharge will remain intact. Thus, she will still have a potential remedy available against her employer (the proper party against which to direct her claims based upon the FMLA and OFLA), and there is no remedial gap to fill, let alone a legal basis to fill it by allowing her to pursue a tortious interference claim against Matrix.

## IV. CONCLUSION

For the reasons set forth above, and in Matrix's underlying motion and reply brief, Matrix respectfully requests that the Court adopt the Magistrate Judge's Findings and Recommendations and grant Matrix's Motion to Dismiss Plaintiff's Amended Complaint against Matrix with prejudice, and for such other relief as the Court deems appropriate.

Dated: November 13, 2015.

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By: s/ Kelly S. Riggs
Kelly S. Riggs, OSB No. 094862
kelly.riggs@ogletreedeakins.com
Telephone: 503.552.2140

Attorneys for Defendant
MATRIX ABSENCE MANAGEMENT, INC.

22703681.1
042289.000001

13 – DEFENDANT MATRIX ABSENCE MANAGEMENT, INC.'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATION

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500 | Portland, OR 97201
Phone: 503.552.2140 | Fax: 503.224.4518